**Dr. Rosalynde K. SOBLE, Appellant,**

**v.**

**UNIVERSITY OF MARYLAND, Appellee.**

No. 84–1638.

United States Court of Appeals, Fourth Circuit.

Argued March 5, 1985.

Decided Nov. 27, 1985.

Rehearing and Rehearing En Banc Denied Jan. 6, 1986.

Joseph B. Scott (Irving Kator, Joyce L. Evans, Kator, Scott & Heller, Washington, D.C., on brief) for appellant.

Michael A. Anselmi, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Diana G. Motz, James J. Mingle, Baltimore, Md., on brief) for appellee.

Before WINTER, Chief Judge, and SPROUSE and WILKINSON, Circuit Judges.

SPROUSE, Circuit Judge:

Dr. Rosalynde Soble appeals from the district court's grant of summary judgment to the University of Maryland on her Title VII[1] and Equal Pay Act[2] claims that, among other things, alleged she was discriminatorily denied equal pay and promotion to Associate Professor because of her sex. We affirm.

## I.

Soble is a tenured Assistant Professor at the University of Maryland (University) who, since 1976, has unsuccessfully pursued a promotion to the rank of Associate Professor. In 1965 she received the degree of Master of Social Work from the University. The University then appointed her to the position of instructor at the Dental School in the Department of Community Dentistry, now called the Department of Oral Health Care Delivery, and subsequently promoted her to Assistant Professor in the same department. In 1972 the Chairman of the Department of Community Dentistry recommended Soble for promotion to the rank of Associate Professor. The Chancellor of the University, however, denied her the promotion because she did not have a Doctor of Philosophy degree. As a result, she enrolled in a doctoral program and completed a doctorate in Education Sociology in 1976. Soble then re-newed her quest for promotion to the rank of Associate Professor.

In October of 1976 Dr. Thomas Snyder, the new chairman of her department, submitted a letter to the Promotions Committee recommending Soble for promotion to Associate Professor, but he failed to supply the documentation required for the recommendation. In March of 1977 the Chairman of the Promotions Committee wrote to Snyder advising him that the Committee did not recommend Soble for a promotion because it had not found significant support for her teaching effectiveness. At a meeting with Soble on April 12, 1977, Snyder advised Soble of the Committee's action, but he did not explain the reasons for it. Two days later Snyder wrote Soble, stating that he agreed with and would abide by the Committee decision. The Committee informed Soble that the principal reason for its decision not to recommend her for promotion was the lack of support from the chairman of her department.

Soble filed a grievance against Snyder and, upon the recommendation of the Dental School's Grievance Committee, Soble's request for promotion was reconsidered in January 1978. This time Snyder forwarded to the Promotions Committee comments and recommendations from several department faculty members along with his own recommendation that Soble not be promoted. The Promotions Committee subsequently upheld its original decision not to recommend Soble for promotion.

Soble then filed another grievance and, on October 27, 1978, the Grievance Committee recommended to the Dean of the Dental School that he make the decision concerning her promotion, stating:

The Grievance Committee moves unanimously that Dr. Rosalynde Soble has a legitimate grievance against Dr. Thomas Snyder as a result of a lack of documentation to validate the Department Chairman's position of non-support for her promotion to Associate Professor.

1. 42 U.S.C. §§ 2000e–2000e–17 (1982).

2. 29 U.S.C. § 206(d)(1) (1982).

In the meantime, on February 21, 1978, Soble had filed a charge with the Equal Employment Opportunity Commission alleging that she had been discriminatorily denied the promotion because of her sex. She later amended the complaint to include a charge of harassment for pursuing her remedies. Soble filed a second complaint with the EEOC in November of 1982 charging discrimination with regard to wages and promotion because of her sex, as well as harassment. The EEOC found that there was probable cause to believe that she was impermissibly discriminated against.

Approximately one year after Soble filed her charge with the EEOC, Snyder recommended to the Promotions Committee that she be promoted to Associate Professor. He stated that he had no personal knowledge of her teaching ability but that he was submitting recommendations from other members of the faculty who knew directly of her qualifications.[3] A week later the Committee approved Snyder's recommendation. The Dean of the Dental School and the University Chancellor concurred, but on May 1, 1979, the President of the University denied Soble's promotion, along with the promotions of the three other recommended candidates from the Dental School, including two males and one other female.

In this action, Soble alleges that she was discriminatorily denied promotion, that she received less compensation than similarly situated male faculty members and, further, that she was harassed and suffered reprisals for having filed complaints with the EEOC. She makes her promotion and harassment claims under Title VII and her equal pay claims under both Title VII and the Equal Pay Act.

II.

The district court granted the University's motion for summary judgment on Soble's 1977 and 1978 promotion claims, believing that she had received all the relief possibly due her. The district court emphasized that even if Soble were to prevail on her discrimination claim, her only remedy would be placement of her name before the next level of review in the promotion process. Assuming that Snyder and the Promotions Committee discriminated against Soble in 1977 and 1978, the court noted that she nevertheless was considered in 1979 for promotion by the Dean, the Chancellor, and finally the President, who denied the promotion for legitimate, non-discriminatory reasons. Concluding that the only relief possibly due Soble had been provided to her, the district court granted summary judgment to the University.

 Although the district court's reasoning in this later respect was erroneous,[4] it reached the correct result. Soble vigorously sought promotion over a prolonged period. The various actions of the Grievance and Promotions Committees indicate that Soble's entitlement to that promotion was disputed among the members of the

---

**3.** The Department of Community Dentistry was restructured in 1973 and, as mentioned above, renamed the Department of Oral Health Care Delivery. The focus of the department shifted from Soble's primary area of responsibility, sensitizing students to community needs, to dental health care delivery systems and management concepts. As a result, the curriculum changed significantly and Soble's teaching responsibilities were greatly reduced. In 1982 she was transferred to the Department of Social Work for the University Hospital because there were insufficient teaching, research, and service responsibilities in the Dental School to support a full-time faculty member in social work.

**4.** Had Soble been able to show that Snyder and the Promotions Committee discriminated

against her in 1977 or 1978, she would have been entitled to a presumption that she would have received a promotion but for their discriminatory acts. *Patterson v. Greenwood School District 50*, 696 F.2d 293, 295 (4th Cir.1982) (citing *Day v. Mathews*, 530 F.2d 1083, 1085 (D.C.Cir.1976) ). The burden then would have shifted to the University to rebut this presumption by showing that Soble would not have been promoted in 1977 or 1978 even in the absence of discrimination. Contrary to the University's contention, such a scenario would not present the kind of nonappealable "mediate" decision involved in *Page v. Bolger*, 645 F.2d 227 (4th Cir.), *cert. denied*, 454 U.S. 892, 102 S.Ct. 388, 70 L.Ed.2d 206 (1981).

Dental School's academic community. The President of the University found her not qualified in 1979. Soble was unable or failed to rebut that evidence and the record contains no evidence that the President acted out of discriminatory motives. We think that it may be properly inferred that her lack of qualification proved to exist in 1979 existed as well in 1977 and 1978. Thus, Soble failed to satisfy the now familiar *McDonnell Douglas/Burdine* [5] requirements that, *inter alia*, she was qualified for the promotion in any of the years in which she sought it.

## III.

■ The district court also granted summary judgment to the University on Soble's claim under the Equal Pay Act. Soble alleged that the University failed to pay her a salary equal to that paid to male faculty members who also held the rank of Assistant Professor. In its motion for summary judgment, the University relied on evidence developed in discovery proceedings and affidavits submitted with the motion. The University's evidence shows that Soble does not perform work substantially equal in skill, effort, and responsibility, *Brennan v. Prince William Hospital,* 503 F.2d 282 (4th Cir.1974), *cert. denied,* 420 U.S. 972, 95 S.Ct. 1392, 43 L.Ed.2d 652 (1975), as that performed by male Assistant Professors in her department. Soble holds academic degrees only in the fields of Sociology and Social Work. All departments other than Soble's are highly specialized and require distinct skills foreclosing any comparison Soble might make. All Assistant Professors in her department, except one, have degrees in dentistry. The only other non-dentist is a male with a Masters in Business Administration, who teaches dental management and organization and carries a considerably heavier teaching load

than does Soble. Soble did not respond to this evidence, and she cannot rest on the bare allegation in her complaint that she is receiving lower pay for work comparable to that performed by male members of the dental faculty. The University's undisputed evidence demonstrates otherwise.

Viewing the complaint and all the evidence in the light most favorable to Soble, as we are required to do in reviewing a summary judgment, it is clear that there is no genuine issue of fact concerning the equal pay issue and that the district court's judgment in that respect must be affirmed.

## IV.

Next we consider Soble's contention that the district court erred in granting summary judgment to the University on her Title VII claim that she received lower wages because of her sex. For the reasons discussed in section III, we agree with the district court that there is no genuine issue of material fact on this question and the University must prevail.

## V.

Finally, we leave undisturbed the district court's denial of the University's motion for summary judgment on Soble's harassment claim.[6]

AFFIRMED.

**5.** *Texas Dep't. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

**6.** At first blush, this appeal appears to be premature. Soble however, filed a motion under Fed. R.Civ.P. 54(b) and the district court granted it, entering final judgment for the University on Soble's promotion and equal pay claims. With her Rule 54(b) motion, Soble filed a stipulation agreeing to dismiss her harassment claim if she were not successful on appeal of her other claims.