873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Heidi SULLIVAN, Plaintiff-Appellant,
v.
NIRO ATOMIZER, INC, Leif Thun Rassmussen, Morten Petersen,
Defendants-Appellees.
 No. 87-3629.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 21, 1989.
Decided April 27, 1989.
 
 Heidi Sullivan, appellant pro se.
 Gary Carlson Duvall, Richard G. Vernon, Miles & Stockbridge, for appellees.
 Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Heidi Sullivan filed suit against her former employer (Niro Atomizer, Inc.), the company's president, and her former supervisor alleging violations of the state and federal Equal Pay Acts, Title VII, and 42 U.S.C. Sec. 1985, and bringing claims of breach of contract, wrongful termination, quantum meruit, and intentional infliction of emotional distress. The district court entered summary judgment in favor of defendants and Sullivan appeals, arguing that material issues of fact remained on her claims that she was denied equal pay and subjected to sexual harassment and that the district court erred in failing to apply Title VII, as well as Equal Pay Act, standards to her equal pay claim. We reject these contentions, find no error in the district court's adjudication of any of Sullivan's claims, and affirm the judgment in favor of defendants.
 
 
 2
 Sullivan was employed by Niro as a computer operator between 1979 and 1985, when she was laid off.* Her annual salary increased over this period from $10,000 in 1979 to $20,500 in 1985. Sullivan claims, however, that the work she performed for Niro was substantially equal to that performed by four males, who all received higher salaries. The district court rejected this claim finding that, unlike the four men to whom she compared herself, Sullivan was not a computer programmer or computer design specialist, either by title or in actual job performance.
 
 
 3
 We agree that Sullivan has failed to show that she performed work substantially equal in skill, effort, and responsibility to that performed by the men to whom she compared herself and that defendants were entitled to summary judgment under the state and federal Equal Pay Acts. See Soble v. University of Maryland, 778 F.2d 164 (4th Cir.1985). Not only did the four men have different job titles and greater education and experience than did Sullivan, they also had different job responsibilities. Unlike Sullivan, they had the ability to, and when necessary did, write and modify computer programs, and they had supervisory responsibilities. The fact that Sullivan's job responsibilities may have, to some extent, overlapped with theirs was not sufficient evidence on which a factfinder could find that they performed substantially equal work. See, e.g., Koster v. Chase Manhattan Bank, 609 F.Supp. 1191 (S.D.N.Y.1985).
 
 
 4
 The same result is reached under Title VII. Sullivan failed to present any evidence that her wages were depressed because of intentional sex discrimination, and her evidence that she was paid less than men who performed somewhat similar work is insufficient to state a claim under Title VII. See Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1133-34 (5th Cir.1983).
 
 
 5
 As to sexual harassment, Sullivan claims to have "alleged facts sufficient for a jury to find that the employment atmosphere of Niro was one so characterized by sexual slurs, innuendo, stereotypes, and quid pro quo arrangements between supervisors and employees that a hostile, poisonous work environment was created for female employees, including Plaintiff." We cannot agree. Sullivan does not allege that any sexual slur, innuendo, or proposition was ever directed at her. Moreover, she alleges only isolated instances in which sexual slur or innuendo was used at all. See Katz v. Dole, 709 F.2d 251, 256 (4th Cir.1983) (isolated events insufficient for showing of hostile environment). Finally, although she suspects or has been told of sexual liaisons between other female employees and Niro supervisors, she has not presented significant probative evidence that these liaisons have altered the conditions of her employment or created an abusive working environment. See Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986). Summary judgment was therefore properly entered on this claim. See Andersen v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 6
 We accordingly affirm the judgment of the district court. Appellees' motion to dismiss the appeal for alleged procedural deficiencies is denied. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Niro laid off 270 of its 350 employees between 1981 and 1985