530 F.2d 1083
 12 Fair Empl.Prac.Cas. 1131,
11 Empl. Prac. Dec. P 10,725, 174 U.S.App.D.C. 231
 Walter A. DAY, Jr.
v.
F. David MATHEWS, Secretary of Health, Education and
Welfare, et al., Appellants.
Walter A. DAY, Jr.
v.
F. David MATHEWS, Secretary of Health, Education and
Welfare, and His Agents, Assigns and Successors in
Office, et al., Appellants.
 Nos. 75--1085 and 75--1652.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Jan. 26, 1976.
Decided Feb. 23, 1976.
 
 John M. Rogers, Atty., Dept. of Justice, with whom Irving Jaffe, Acting Asst. Atty. Gen., Earl J. Silbert, U.S. Atty., and Robert E. Kopp, Atty., Dept. of Justice, were on the brief, for appellants. John A. Terry and Robert M. Werdig, Jr., Asst. U.S. Attys., Washington, D.C., also entered appearances for appellants.
 John L. Burke, Jr., Washington, D.C., with whom Roderic V.O. Boggs, Washington, D.C., was on the brief, for appellee.
 Before WRIGHT and ROBB, Circuit Judges, and BRODERICK,* District Judge.
 PER CURIAM:
 
 
 1
 In 1970 appellee Day, who is black, was serving as a Wage Grade 8 (WG--8) employee of the United States Public Health Service Hospital in Baltimore, a unit of the Department of Health, Education and Welfare (HEW). On June 5 of that year he applied for a WG--10 opening at the hospital, but approximately a month later that post was awarded to a Mr. West, a competing white applicant. Day filed a prompt administrative complaint, charging that he had been denied the promotion because of racial discrimination.
 
 
 2
 Day pursued the issue through all levels of HEW and Civil Service Commission review, but he was denied the relief he sought--retroactive promotion and back pay. For independent reasons he was, however, promoted to another WG--10 position in July 1971 while his administrative complaint was pending. After exhausting his administrative remedies, he brought suit under the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e--16 (Supp. III 1973), which extended the protections of Title VII of the Civil Rights Act of 1964 to federal employees.
 
 
 3
 The District Court found that there was evidence of racial discrimination which had 'denied (Mr. Day) an opportunity to compete on an equal footing for the vacancy with the successful applicant.' Specifically, the court found that Day was the victim of procedural irregularities that rose above the level of mere 'administrative bungling,' that his supervisor had 'mechanically rated the applicant's performance,' and that Day had been improperly denied ratings points for certain awards. Appellant, the Secretary of HEW, does not contest the finding of discrimination, but he does argue that even absent the discrimination Day would not have gotten the job. The court expressly refrained, however, from deciding whether Day would have received the promotion but for the discrimination: 'The 'but for' test * * * is not appropriate to carry out the purposes of the 1972 Amendments to the Civil Rights Act of 1964. * * * The remedial requirements of the Act can only be satisfied by granting plaintiff retroactive promotion and back pay for the period from July 1970, to June 1971, when he was finally promoted.'
 
 
 4
 This ruling was in error. Discrimination is of course a serious matter wherever it appears, and the supervising officials should take action to root it out, whether or not the applicant in a particular case would have been hired or promoted absent the discrimination.[1] But when retroactive promotion and back pay are sought, further questions must be answered. The statute makes it clear that these forms of relief are available only where the employee would have received the promotion had he not been the victim of discrimination.[2] From the case low, too, it is plain that the purpose of a back pay award is to make the plaintiff whole--that is, to restore him to the position he would have occupied but for the discrimination. See, e.g., Albemarle Paper Co. v. Moody, 422 U.S. 405, 418--423, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); EEOC v. Detroit Edison Co., 515 F.2d 301, 315 (6th Cir. 1975); Pettway v. American Cast Iron Pipe Co., 494 F.2d 211, 261 (5th Cir. 1974); Robinson v. Lorillard Corp., 444 F.2d 791, 802 (4th Cir.), cert. dismissed, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971). Unless the court finds that Day would otherwise have been promoted, back pay is inappropriate.
 
 
 5
 The parties contend that this court, using the appropriate test, can itself resolve this factual question on the record now before us. We disagree This is certainly not a case where the credentials of one applicant so far outshine the credentials of the competitors that the result is beyond doubt. Indeed, the District Court's judgment on the credibility of the witnesses could be determinative. The case must therefore be remanded to the District Court to make the requisite finding. The precise question on remand is whether Day would have gotten the promotion had he not been the victim of discrimination. For the court's guidance, we hold that the Secretary, as employer, bears the burden of proof on this issue. Moreover, if the Secretary is to prevail, he must prove by clear and convincing evidence that Day's qualifications were such that he would not in any event have been selected.
 
 
 6
 We reach this holding on the strength of numerous cases in the private sector which have dealt with the issue. They establish unequivocally that a prima facie showing of discrimination shifts the burden to the employer to prove that the employee (or applicant) would not have gotten the post in any event, even absent discrimination. See EEOC v. Detroit Edison Co., supra, 515 F.2d at 316; Pettway v. American Cast Iron Pipe Co., supra, 494 F.2d at 259--260; Johnson v. Goodyear Tire & Rubber Co., 491 F.2d 1364, 1374--1375, 1380 (5th Cir. 1974). Cf. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).[3] And those courts which have given the most careful consideration to the burden of proof question have held that the employee must prevail unless the employer proves its case by 'clear and convincing evidence.'[4] Baxter v. Savannah Sugar Refining Corp., 495 F.2d 437, 444--445 (5th Cir.), cert. denied, 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974); Pettway v. American Cast Iron Pipe Co., supra, 494 F.2d at 259--260; Johnson v. Goodyear Tire & Rubber Co., supra, 491 F.2d at 1374--1380; Cooper v. Allen, 467 F.2d 836, 840 (5th Cir. 1972).
 
 
 7
 The reason for this is straightforward. 'Unquestionably, it is now impossible for an individual discriminatee to recreate the past with exactitude.' Johnson v. Goodyear Tire & Rubber Co., supra, 491 F.2d at 1379. Such a showing is impossible precisely because of the employer's unlawful action; it is only equitable that any resulting uncertainty be resolved against the party whose action gave rise to the problem.[5] Thus, once discrimination is shown, relief should not be narrowly denied. Moreover, the Supreme Court has recently emphasized that the purpose of Title VII is to 'eradicat(e) discrimination throughout the economy and (to make) persons whole for injuries suffered through past discrimination.' Albemarle Paper Co. v. Moody, supra, 422 U.S. at 421, 95 S.Ct. at 2373 (footnote omitted). The Court stressed: 'It is the reasonably certain prospect of a backpay award that 'provide(s) the spur or catalyst which causes employers and unions to self-examine and to self-evaluate their employment practices and to endeavor to eliminate, so far as possible, the last vestiges of an unfortunate and ignominious page in this country's history." Id. at 417--418, 95 S.Ct. at 2371, quoting from United States v. N.L. Industries, 479 F.2d 354, 379 (8th Cir. 1973). These broad and insistent purposes dictate that the employer be held to a strict showing, once discrimination has been established.
 
 
 8
 These principles from private sector cases apply with full force to the Government as employer, since the 1972 amendments were designed to serve an equally insistent purpose: 'the rooting out of every vestige of employment discrimination within the federal government.' Hackley v. Roudebush, 171 U.S.App.D.C. 376, 404, 520 F.2d 108, 136 (1975). See Douglas v. Hampton, 168 U.S.App.D.C. 62, 67, 512 F.2d 976, 981 (1975). On remand, therefore, back pay and retroactive promotion should be awarded unless the Secretary, by clear and convincing evidence, carries his burden of proving that, even absent the admitted discrimination, Day still would not have been selected.[6]
 
 
 9
 Remanded for further proceedings.
 
 
 
 *
 Of the United States District Court for the Eastern District of Pennsylvania, sitting by designation pursuant to 28 U.S.C. § 292(d) (1970)
 
 
 [1]
 The Secretary does not disagree that some action should be taken in such a situation. He contends that the proper affirmative action with respect to Mr. Day, in accordance with applicable Civil Service Commission regulations, 5 C.F.R. § 713.271(b) (1975), was for Day to receive priority consideration for the next available WG--10 position. In essence this was the relief finally ordered by HEW administratively, although the point was by then moot since Day was already a WG--10
 
 
 [2]
 42 U.S.C. § 2000e--5(g) (Supp. III 1973), made applicable to federal employees by id., § 2000e--16(d), provides in pertinent part:
 No order of the court shall require * * * the hiring, reinstatement, or promotion of an individual as an employee, or the payment to him of any back pay, if such individual * * * was refused employment or advancement or was suspended or discharged for any reason other than discrimination on account of race, color, religion, sex, or national origin or in violation of section 2000e--3(a) of this title.
 
 
 [3]
 Government counsel conceded at oral argument that he knew of no case leaving the burden on the plaintiff once discrimination has been prima facie established
 
 
 [4]
 If an individual proves his claim and class status (i.e., establishes that there was discrimination), the burden should appropriately shift to the employer to show by convincing evidence, extenuating circumstances, which would support the conclusion that the individual would never have transferred (been promoted) regardless of its employment practices. * * *
 Johnson v. Goodyear Tire & Rubber Co., 491 F.2d 1364, 1375 (5th Cir. 1974).
 
 
 [5]
 This allocation of the burden is also in accord with the principle placing upon a party the burden of proving facts peculiarly within its own knowledge. United States v. New York, N.H. & H.R. Co., 355 U.S. 253, 256 n.5, 78 S.Ct. 212, 2 L.Ed.2d 247 (1957)
 
 
 [6]
 We also vacate the order awarding attorney's fees to Day, the subject of the appeal in No. 75--1652, without prejudice to further consideration of awarding fees upon final determination of the issues open on remand. 42 U.S.C. § 2000e--5(k) (1970)