696 F.2d 293
 30 Fair Empl.Prac.Cas. 825,
30 Empl. Prac. Dec. P 33,255, 8 Ed. Law Rep. 561
 Carolyn F. PATTERSON, Appellee,
v.
GREENWOOD SCHOOL DISTRICT 50, a body politic and corporate,
and Henry T. Cole, Administrative Superintendent of School
District 50, in his official capacity and personally, and
the following named persons who are members of the Board of
Trustees of Greenwood School District 50, each of them being
made defendants in his or her respective official capacity
as Board Members and personally; Mr. James McDonald; Mr.
L.B. Adams, Jr.; Mr. Harold Lumley, Jr.; Dr. Travis
Stevenson; and Mr. Jack McDowell, personally, who was a
member of the Board in 1975, Appellants,
and
Mr. Richard Stowe; Mrs. Audrey Goodwin, and the following
named persons who are now members of the board in their
official capacity as Board Members, Mrs. Katherine Martin,
Mr. Forest Parker, Defendants.
 No. 81-2141.
 United States Court of Appeals,
Fourth Circuit.
 Argued Sept. 13, 1982.
Decided Dec. 15, 1982.
 
 David W. Robinson, II, Columbia, S.C. (Robinson, McFadden, Moore & Pope, P.A., Columbia, S.C., Emory Smith, Washington, D.C., William K. Charles, Jr., Charles & Charles, Greenwood, S.C., on brief), for appellants.
 James J. Brudney, Washington, D.C. (Michael H. Gottesman, Bredhoff & Kaiser, Washington, D.C., Richard Mark Gergel, Medlock & Gergel, Columbia, S.C., on brief), for appellee.
 Before HAYNSWORTH, Senior Circuit Judge, and SPROUSE and CHAPMAN, Circuit Judges.
 SPROUSE, Circuit Judge:
 
 
 1
 The Greenwood School District 50 of Greenwood County, South Carolina ("School District"), was the defendant below and is the appellant here. The district court, adopting the findings and conclusions of a magistrate, held that the School District had discriminated against Mrs. Patterson, appellee, on the basis of sex in violation of Title VII. The appellee was one of four persons interviewed for a position of assistant principal for one of the intermediate schools located in District 50, and the only male interviewed was selected. The district court awarded Mrs. Patterson back pay and promotion to the next available administrative position as recommended by the magistrate.
 
 
 2
 The School District appeals from that portion of the district court's judgment awarding appellee back pay and promotion. It continues to deny improper motivation, but does not appeal the ruling finding it guilty of sex discrimination. The appellant contends that assuming it did improperly discriminate on the basis of sex, the discrimination did not result in Mrs. Patterson's failure to be selected as assistant principal because the other females interviewed would have been chosen ahead of her. We agree and reverse that part of the district court's judgment awarding plaintiff promotion and back pay.
 
 
 3
 The sole male of four persons interviewed for the position of assistant principal at East End Intermediate School was unanimously recommended for appointment by interviewers consisting of five male School District superintendents. The School District Board of Trustees subsequently confirmed the selection. The magistrate concluded that the appellee was sexually discriminated against in the selection process as evinced by the following facts: (1) although the job vacancy announcement limited the position to persons with a Masters Degree in Administration and Supervision, the male applicant did not have such a degree at the time he was hired; (2) applicants were interviewed by an all-male panel; (3) the male applicant hired had significantly less teaching experience than the other applicants; (4) although the usual procedure was to consult an applicant's immediate supervisor, the supervisor of both plaintiff and the male candidate was never consulted. The supervisor testified that in his opinion, Mrs. Patterson was a more qualified administrator than the male hired; (5) the selection panel was searching for a candidate who fit a male stereotype. The district court adopted the magistrate's conclusion of sex discrimination.
 
 
 4
 Appellant contends that even absent sex discrimination in selecting the male assistant principal, the other two female candidates interviewed would have been appointed ahead of Mrs. Patterson. Three of the interviewers testified that they graded the plaintiff the lowest of the three women interviewed. A fourth interviewer testified that he would have selected another female candidate over Mrs. Patterson. Although appellee apparently had a good record of performing administrative duties, these interviewers testified that based on her answers to questions and on characteristics she exhibited during the interview--such as "nervousness," a "high-pitched voice," and an "over-domineering personality"--they believed the other women interviewed would work better with parents, teachers and students as an assistant principal. The evidence in the record also indicates that the other two females interviewed were equally qualified, if not more qualified than appellee. Mrs. Patterson had a Masters Degree in Administration and Supervision and seventeen years of teaching experience, but had no previous experience as an assistant principal. Another female candidate also had a Masters Degree in Administration and Supervision, nine years of teaching experience, and was appointed to a different administrative position shortly after the interview. The third female applicant had her Masters Degree in Education and Administration, nine years of experience in education including serving as a school principal, and is presently working as a principal for one of the School District's elementary schools.
 
 
 5
 When a court finds that a plaintiff has been discriminated against in violation of Title VII, it retains broad remedial powers to grant injunctive relief and to order such affirmative action as may be appropriate. See EEOC v. Ford Motor Co., 645 F.2d 183, 200 (4th Cir.1981). When retroactive promotion and back pay are sought, however, further questions must be asked. The statute makes it clear that these forms of relief are available only where the employee would have received the promotion had she not been the victim of discrimination.[1] The case law is also plain that the purpose of a back pay award is to make the plaintiff whole; that is, to restore her to the position she would have occupied but for the discrimination. See, e.g., Albermarle Paper Co. v. Moody, 422 U.S. 405, 418-23, 95 S.Ct. 2362, 2372-74, 45 L.Ed.2d 280 (1975); Hill v. Western Elec. Co., 596 F.2d 99, 104 (4th Cir.1979); Day v. Mathews, 174 U.S.App.D.C. 231, 530 F.2d 1083, 1085 (1976).
 
 
 6
 Once a plaintiff establishes that she was discriminated against, the defendant bears the burden of showing that the plaintiff would not have been promoted even in the absence of discrimination. See Day v. Mathews, 530 F.2d at 1085. Those courts which have considered the burden of proof question have held that the plaintiff must prevail unless the defendant proves its case by "clear and convincing evidence." See e.g., Marotta v. Usery, 629 F.2d 615, 618 (9th Cir.1980); Davis v. Board of School Commissioners of Mobile County, 600 F.2d 470, 474 (5th Cir.1979); Day v. Mathews, 530 F.2d at 1085.
 
 
 7
 The School District does not appeal that part of the district court's judgment ruling that it improperly discriminated against Mrs. Patterson in violation of Title VII. Therefore, to overturn the award of promotion and back pay, the appellant must establish by clear and convincing evidence that Mrs. Patterson would not have been promoted absent discrimination.
 
 
 8
 Neither the magistrate nor the district judge made any findings of fact on whether Mrs. Patterson would have been hired for the position of assistant principal absent discrimination. The Supreme Court recently has stated that when an appellate court determines that a factual issue not resolved below is material to the outcome of the case before it, the "usual rule" is that "there should be a remand for further proceedings to permit the trial court to make the missing findings." Pullman-Standard v. Swint, --- U.S. ----, ----, 102 S.Ct. 1781, 1791, 72 L.Ed.2d 66 (1982). However, where a thorough review of the record permits only one resolution of the factual issue--i.e., where any other resolution by the district court would be clearly erroneous--the appellate court may make the appropriate finding in the first instance. Id. We believe that this case falls within the exception to the "usual rule,"[2] and thus a remand is not warranted.[3] See Avery v. Homewood City Bd. of Educ., 674 F.2d 337, 341 (5th Cir.1982). The testimony in the record is clear that at least four of the five interviewers would have selected another female applicant ahead of plaintiff for reasons other than prohibited discrimination. Three interviewers stated that plaintiff was on the bottom of their list. Furthermore, the other female applicants were as qualified as plaintiff, if not more qualified. All female applicants had Masters Degrees in Administration and substantial educational working experience. One of the other candidates had several years of experience working as a school principal. Both of the female applicants, other than plaintiff, were promoted to other administrative positions shortly after the interview for the position at East End as assistant principal.
 
 
 9
 The evidence contained in the record is clear and convincing that Mrs. Patterson would not have been selected as the assistant principal for the East End intermediate school absent discrimination. A contrary result would be clearly erroneous, and thus a remand for further proceedings is not required in this case. Because Mrs. Patterson has not suffered any damage as a result of the sex-based discrimination requiring her to be made whole, we reverse that part of the district court's judgment that awarded her promotion and back pay.
 
 
 10
 AFFIRMED IN PART.
 
 
 11
 REVERSED IN PART.
 
 
 
 [1]
 Title VII, 42 U.S.C. Sec. 2000e-5(g) (1976), provides in relevant part:
 No order of the court shall require the admission or reinstatement of an individual as a member of a union, or the hiring, reinstatement, or promotion of an individual as an employee, or the payment to him of any back pay, if such individual was refused admission, suspended or expelled, or was refused employment or advancement or was suspended or discharged for any reason other than discrimination on account of race, color, religion, sex, or national origin or in violation of section 2000e-3(a) of this title. (Emphasis added).
 
 
 [2]
 Both parties on appeal also agree that the record is sufficient to make the determination of whether Mrs. Patterson would have been hired absent discrimination
 
 
 [3]
 Cf. Day v. Mathews, 530 F.2d at 1085 ("This is certainly not a case where the credentials of one applicant so far outshine the credentials of the competitors that the result is beyond doubt.... [T]he credibility of the witnesses could be determinative."); Davis, 600 F.2d at 474 ("We ... remand so that the court can make the appropriate comparison and findings with respect to all of the promotion opportunities alleged to have been denied Foster due to racial discrimination.")