**David E. HENDERSON, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 82–2662.**

United States District Court, District of Columbia.

Dec. 21, 1983.

Bridget R. Mugane, Washington, D.C., for plaintiff.

Stuart H. Newberger, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

Plaintiff, a former State Department Foreign Service Officer, has brought suit claiming he was improperly denied promotions by the Foreign Service Grievance Board ("Board") in 1976 and 1981. He seeks reinstatement, retroactive promotion, and back pay. After full briefing and oral argument, this matter is now before the Court on plaintiff's motion for summary judgment and defendants' motion to dismiss or for summary judgment.

*Background*

The history of plaintiff's employment disputes with the State Department ("Department") is lengthy and involved. Fortunately, only a brief exposition of certain uncontested facts is necessary for the resolution of the pending motions. In early 1976

plaintiff filed a grievance with the Board after the Department proposed to terminate him for excessive time-in-class. Plaintiff complained that his personnel record contained serious irregularities which had prejudiced his chances of promotion,[1] and sought promotion to Class 6 retroactive to 1974. The Board found that plaintiff's complaints were justified but denied retroactive promotion on the grounds that it was not "patent and beyond doubt that, but for the inaccuracies or falsely prejudicial material in the official personnel record, he would have been recommended for promotion by a Selection Board." R.P. No. 76-325-State-170 (Dec. 20, 1976) at 14. The Board, however, granted plaintiff a limited remedy, allowing him an additional two years in which to compete for promotion to Class 6 and, if he was successful, a further two years to compete for Class 5, a tenure-level rank.

Plaintiff was promoted to Class 6 in October of 1978. In December, 1978, and December, 1979, he was considered for tenure by the Commissioning and Tenure Board ("C & T Board"), a first step to consideration for promotion to Class 5. In each instance plaintiff was not recommended for tenure. His last opportunity for review for tenure came before the C & T Board which met from August 15, 1980, until October 8, 1980. At that time plaintiff's personnel file contained, *inter alia*, two generally unfavorable performance evaluations (the "Asuncion CER" and the "Commerce CER"), and a generally favorable evaluation covering the period from March 17 to July 31, 1980, the latest evaluation of plaintiff that had been completed. Plaintiff was denied tenure once again, and was informed that he would be terminated for excessive time-in-grade as of October 22, 1980.[2]

In February, 1981, plaintiff initiated another grievance before the Board, claiming that his Commerce CER was improper and later seeking reopening of the earlier grievance concerning the Asuncion CER which had been withdrawn. In December, 1981, the Board denied the request to reopen the Asuncion grievance, but agreed with plaintiff that the Commerce CER was "deficient in procedural as well as substantive respects," and that certain statements it contained were "unsupported by the evidence and, in fact, falsely prejudicial." R.P. No. G-81-002-State-2 (Dec. 16, 1981) at 4, 5. The Commerce CER was ordered expunged from plaintiff's personnel file. However, plaintiff's request for reinstatement, retroactive promotion to Class 4 and back pay were denied on the grounds that "[t]he Board cannot find that 'but for' inclusion of the CER at issue Grievant would have been tenured by the Tenuring and Review Committee." *Id.*, at 6. On September 17, 1982, plaintiff brought the present suit.

### The 1976 Grievance Board Decision

Plaintiff challenges the 1976 decision of the Board denying him retroactive promotion, arguing that the Board improperly placed on plaintiff the burden of showing that, absent the defective evaluations in his file, he would have been promoted. In addition to raising substantive defenses, the government contends that this claim is barred by the doctrine of laches. Because the Court agrees that plaintiff has been impermissibly delinquent in bringing suit with regard to the Board's 1976 decision, it does not reach the merits of plaintiff's allegations.

The doctrine of laches provides a defense where the evidence shows "both that the delay [in bringing suit] was unreasonable and that it prejudiced the defendant." *Powell v. Zuckert*, 366 F.2d 634, 636 (D.C.Cir.1966). In the case now before the

---

1. The classifications utilized here were replaced by a different system in 1981. For all periods covered by plaintiff's employment with the Foreign Service, however, use of the "old" classification scheme is appropriate.

2. Plaintiff's period of employment was later extended to December 31, 1980, at the Department's request, and then to February, 1981, during the pendency of a grievance filed by plaintiff relating to his Asuncion CER. This grievance was withdrawn by plaintiff in January, 1981.

Court both of the necessary elements are present. Plaintiff has been free to challenge the relief granted by the Board since its decision in 1976. He was aware of the specific grounds upon which he now relies at least as early as 1977.[3] Plaintiff did not make his first attempt to obtain judicial relief until 1980, at which time his suit was dismissed for failure to exhaust his administrative remedies on a related claim based on the Federal Tort Claims Act (FTCA). After proceeding administratively on his FTCA claim, plaintiff did not bring the present suit until late 1982, and his claim under the FTCA was subsequently dropped. Since 1976, then, plaintiff has been lax in pressing his claims while at the same time he has taken advantage of the relief which the Board had offered to him. Plaintiff has clearly "slept on his rights," *id.*, 366 F.2d at 638, and his delay in filing suit must be considered unreasonable.

Plaintiff's delay in bringing suit has also prejudiced the Service in at least two respects. First, determining whether plaintiff should have been promoted, an exercise which requires comparing plaintiff's performance with that of his peers, has become more difficult. Second, providing plaintiff with a remedy should his challenge be successful—back pay and assignment to a more advanced post—will be more costly and disruptive to the mission of the Department today than it would have been had plaintiff brought his claim in a timely manner. The defense of laches is therefore applicable, and plaintiff's claims concerning the relief granted by the Board in 1976 must be dismissed.

*The Board's 1976 Remedy*

■ Plaintiff's assertion that the Department curtailed the remedy granted by the Board in 1976 is without merit. Plaintiff's two-year period in which to be considered for promotion to Class 5 ran from October 22, 1978, to October 22, 1980. During this period he was reviewed for tenure on three separate occasions. Under Department regulations, plaintiff's final review was required to be held within the 60 days "prior

to the expiration of the officer's time-in-class." FAMC No. 749 at 14. The last C & T Board to consider plaintiff for tenure concluded its review on October 8, 1980, only two weeks before plaintiff was scheduled to be terminated for excessive time-in-class.

It is patently clear that plaintiff was given "an additional period of two years during which he [was] eligible to compete for promotion to Class 5." R.P. No. 76-325-State-170 at 14. The Board's 1976 decision indicated that the purpose of the two-year extension was "to preclude his selection-out for [excessive] time-in-service [in Class 6]." *Id.* There was no indication that plaintiff's consideration for promotion to Class 5 was to take place outside the Department's normal review procedures, and plaintiff did in fact receive timely review for tenure in accordance with Department regulations.

*The 1981 Grievance Board Decision*

Plaintiff's claims regarding the 1981 decision of the Board focus on its denial of his request to reopen the Asuncion grievance and its denial of tenure despite finding that the Commerce evaluation was improper.

a. *The Asuncion Grievance*

■ In January, 1981, plaintiff withdrew his grievance concerning his Asuncion CER, then pending before the Board, and the Board approved the withdrawal. Two months later, plaintiff sought to reopen the Asuncion matter; the Board rejected plaintiff's request. Plaintiff claims that this decision constituted an abuse of discretion.

Withdrawal of grievances is governed by 22 C.F.R. § 903.9:

A case may be withdrawn at any time by written notification to the Board from the Party initiating the case. A case may be determined by the Board to have lapsed when the Grievant fails to respond to two successive written Board inquiries within any deadline fixed for such response. The Board *may* permit

---

**3.** See Plaintiff's Statement of Material Facts as to Which There Is No Genuine Issue ¶ 12.

the reopening of a *lapsed* case upon a showing of good cause. [Emphasis added.]

This regulation would not appear to make any provision for reopening a withdrawn case, as opposed to a case which has lapsed. Moreover, even if the Court were to infer that withdrawn cases could be reopened by the Board along with lapsed cases, the Board is obviously granted broad discretion in determining whether a case shall be reopened, even where good cause is shown. Where, as here, plaintiff offered no new evidence or other grounds which suggest that reopening his Asuncion grievance might be appropriate, the Court cannot find that the Department's decision was "arbitrary, capricious, [or] an abuse of discretion," or in violation of plaintiff's procedural rights. 5 U.S.C. § 706(2)(A), (B), (D).

### b. *Denial of Tenure*

The 1981 decision of the Board found that plaintiff's Commerce CER was "falsely prejudicial." It nevertheless concluded that tenure and promotion was an inappropriate remedy.

> Notwithstanding the above conclusion and remedy [removal of the Commerce CER from plaintiff's personnel file], the Board cannot find that 'but for' inclusion of the CER at issue Grievant would have been tenured by the Tenuring and Review Committee. This conclusion is based on a review and study of his entire record which includes his CDC file. Accordingly, no further remedy, beyond that which is ordered above, is appropriate.

■ At the administrative level plaintiff met his burden of showing that the Commerce CER "was a substantial factor in [his] failure to be promoted." Thus the burden fell upon the Department to show that "even in the absence of ... the error, plaintiff would not have been promoted." *Reiner v. United States*, 686 F.2d 1017, 1021, quoting from *Reiner v. United States*, C.A. No. 78–0616 (D.D.C.1979), slip op. at 7. In determining whether this bur-

den had been met, the Board was required to include in its decision "findings of fact, and ... the reasons for the Board's decision." 3 F.A.M. § 666.6a.

The Board's conclusion therefore appears to be defective in two respects. First, it is far from clear that the Board properly placed upon the government the burden of proof on the issue of promotion. The appropriate legal standard to apply in these circumstances is well established. *Reiner, supra; Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652 (1946); *Day v. Mathews*, 530 F.2d 1083 (D.C.Cir.1976); *Ehrman v. United States*, C.A. No. 82–1984 (D.D.C.1983). The Board's apparent failure to apply the correct standard was "not in accordance with the law" and contrary to the procedural protections to which plaintiff was entitled. 5 U.S.C. § 706(2)(A), (B), (D).

The Board's decision also violated 3 F.A.M. § 666.6a and plaintiff's right to the protection of that provision. The Board gave no reason for its determination that promotion was not an appropriate remedy beyond its bare conclusory statement. Without more, meaningful review of the Board's decision is impossible.

Plaintiff has asked this Court to intercede and determine, without benefit of further administrative review, whether he is entitled to reinstatement, retroactive promotion, and back pay. Absent any circumstances which would justify the Court substituting its judgment for that of the agency, however, remand is the more appropriate course.

> [W]here agency action must be set aside as invalid, but the agency is still legally free to pursue a valid course of action, a reviewing court will ordinarily remand to enable the agency to enter a new order after remedying the defects that vitiated the original action.

*City of Cleveland, Ohio v. FPC*, 525 F.2d 845, 856 n. 89 (D.C.Cir.1976), quoting *Williams v. Washington Metropolitan Area Transit Comm'n*, 415 F.2d 922, 939–40 (D.C.Cir.1968) (*en banc*), cert. denied, 393 U.S. 1081, 89 S.Ct. 860, 21 L.Ed.2d 773

(1969). In the present case there are no special circumstances which mandate a different approach. Furthermore, the Grievance Board, due to its greater expertise in these matters, is in a better position to pass on the validity of plaintiff's claims.

The case shall thus be remanded to the Grievance Board for reconsideration of its decision of December 16, 1981, in accordance with 3 F.A.M. § 666.6a and the standards enunciated in *Reiner*.[4]

4. In light of the Court's conclusion, it need not reach at this stage the issue of whether plaintiff has waived any right to reinstatement by failing to ask for prescriptive relief from involuntary separation pending resolution of his February, 1981, grievance.