**Dennis L. HARRISON, et al., Plaintiffs,**

v.

**Elizabeth DOLE, et al., Defendants.**

Civ. A. No. 79–1816.

United States District Court,
District of Columbia.

Aug. 22, 1986.

Charles Stephen Ralston, New York City, Elaine R. Jones, Washington, D.C., for plaintiffs.

Joseph E. DiGenova, U.S. Atty., Royce C. Lamberth, Jueffrey Hunter Moon, Asst. U.S. Attys., Judiciary Center, Washington, D.C., for defendants.

MEMORANDUM AND ORDER

OBERDORFER, District Judge.

The present matter arises out of a Title VII employment discrimination class action suit filed in 1979 on behalf of black and female employees and employment applicants against the United States Maritime Administration (MarAd). In a Memorandum and Order filed June 7, 1982, this Court found that MarAd had unlawfully discriminated on the basis of race. Most of the claims have since been resolved. The only remaining issue is one of appropriate relief for two plaintiffs—Thelma McDowell and Sharon Howard. Briefs have been

filed and argument was held on July 30, 1986. This matter is now ripe for decision.

### Thelma McDowell

■ Thelma McDowell was improperly denied a GS–7 position by MarAd in 1977. The parties have agreed upon the appropriate amount of backpay, and Ms. McDowell has been promoted to a GS–9 position. Ms. McDowell has obtained all the relief she seeks except with regard to promotion potential. The job she was improperly denied had promotion potential to GS–11. The position that she has now, however, does not have GS–11 potential. She requests, therefore, to be placed in a GS–9 position with promotion potential to GS–11, or, in the alternative, to be promoted to GS–11 as of May 29, 1987. MarAd is unwilling to do this.

In its opposition, MarAd appears to mischaracterize the relief sought, objecting that "there is absolutely no reason to believe, and plaintiffs have provided the court with none, that Ms. McDowell is entitled to a GS–11 position or would be so entitled in the future." Defendants' Opposition at 3 (filed June 24, 1986). The issue, however, is not whether Ms. McDowell is entitled to a GS–11 promotion, but whether she is entitled to a GS–9 position with promotion potential to GS–11.

At the July 30 hearing, counsel for defendant conceded that the position improperly denied to Ms. McDowell did in fact have GS–11 promotion potential, while her present position does not, because there exists no similar position in a higher grade. In fashioning relief for victims of employment discrimination, the aim is "'to make the victims of unlawful discrimination whole' by restoring them, 'so far as possible ... to a position where they would have been were it not for the unlawful discrimination.'" *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 230, 102 S.Ct. 3057, 3064–65, 73 L.Ed.2d 721 (1982) (quoting *Albemarle Pa-*

*per Co. v. Moody*, 422 U.S. 405, 421, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975)); *see also Laffey v. Northwest Airlines*, 740 F.2d 1071, 1088 (D.C.Cir.1984) *cert. denied*, ―― U.S. ――, 105 S.Ct. 939, 83 L.Ed.2d 951 (1985); *Day v. Mathews*, 530 F.2d 1083, 1085 (D.C.Cir.1976). If Ms. McDowell is to be made "whole," she must be placed in a GS–9 position which, like the position improperly denied her, has GS–11 promotion potential.

### Sharon Howard

■ Sharon Howard was improperly denied a GS–7 position by MarAd in January 1976. Subsequently, in November 1978, Ms. Howard left MarAd and joined another federal agency, ACTION, in a position similar to the one that MarAd had denied her. At ACTION, Ms. Howard was promoted from GS–7 to GS–9 in 1979, to GS–11 in 1980, and to GS–12 in 1982. She contends that if she had not been discriminated against, she would have advanced on a similar schedule at MarAd, except that, because she would have started the GS–7 position in 1976 instead of 1978, each promotion would have occurred two years earlier—thus, a promotion to GS–9 in January 1977; to GS–11 in January 1978; and to GS–12 in January 1980. Ms. Howard requests back pay from January 1976 to March 1983[1] in an amount equal to the difference between what she actually earned and what she would have earned under this assumed promotion schedule. Ms. Howard argues that her career experience at ACTION is the best evidence of what she would have done at MarAd absent discrimination.

MarAd does not contest that some back pay is appropriate. MarAd argues, however, that based on early evaluations of Ms. Howard's performance (in a position other than that which she was denied), it is unrealistic to presume the promotion schedule on which she relies. Those early evalua-

---

1. An Injunction was filed in this case on March 18, 1983, and states:

Back pay will be calculated on the basis of the pay differential from the date when the claimant should have been hired or promoted

to the date the claimant was hired or promoted or to the date of this Order, whichever is earlier.

Injunction at 11.

tions reported negatively on Ms. Howard's ability and commitment. The requested relief, says MarAd, would "catapult [Ms. Howard] into a better position than [she] would have enjoyed in the absence of discrimination." Defendants' Opposition at 2 (quoting *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 234, 102 S.Ct. 3057, 3066–67, 73 L.Ed.2d 721 (1982)). MarAd further argues that Ms. Howard cannot recover any back pay for any period after her voluntary resignation from MarAd in November 1978.

Ms. Howard's reliance on her actual experience is far more persuasive than MarAd's extrapolation from preliminary evaluations. " 'Unquestionably, it is now impossible for an individual discriminatee to recreate the past with exactitude,' " *Day v. Mathews, supra,* at 1086 (quoting *Johnson v. Goodyear Tire & Rubber Co.,* 491 F.2d 1364, 1379 (5th Cir.1974)), and one can never be certain what Ms. Howard's progress at MarAd would have been. But it is difficult to imagine more compelling evidence of what Ms. Howard would have done, than the evidence here of what she did. Furthermore, insofar as uncertainty exists, "it is only equitable that [the] uncertainty be resolved against the party whose action gave rise to the problem." *Day v. Mathews, supra,* at 1086 (footnote omitted); *see also McKenzie v. Sawyer,* 684 F.2d 62, 77 (D.C.Cir.1982). Failure to give proper weight to Ms. Howard's advancement at ACTION is much more likely to disappoint her entitlement to be made "whole," than reliance on such advancement is to "catapult" her into a better position than she deserves.

MarAd's contention that back pay may not be recovered by Ms. Howard for any period after her voluntary resignation in November 1978 is supported neither by the cases cited in its brief, nor by reason. For the proposition that back pay may not be recovered after resignation, MarAd cites four cases, in the following order: *Muller v. United States Steel Corp.,* 509 F.2d 923

(10th Cir.), *cert. denied,* 423 U.S. 825, 96 S.Ct. 39, 46 L.Ed.2d 41 (1975); *Clark v. Marsh,* 665 F.2d 1168 (D.C.Cir.1981); *Dean v. Civiletti,* 29 Fair Empl.Prac.Cas. 881 (D.N.D.1981); *Ford Motor Co. v. E.E.O.C.,* 458 U.S. 219, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982).

The cases cited are inapposite. In *Muller* and *Clark,* the courts stated that the plaintiffs could not recover back pay for any period after their *retirement* unless they could show that they were "constructively discharged," or forced into retirement involuntarily. The cases stand only for the unremarkable proposition that one cannot recover back pay for a period during which one would not have worked anyway. *Dean* is in accord. There again, the court denied back pay to the plaintiff after finding that plaintiff's decision to leave her job was unrelated to the discrimination. The last case cited by MarAd is *Ford Motor Co v. E.E.O.C.*

In *Ford Motor,* the Supreme Court was confronted with a question not at issue here—namely, "whether an employer charged with discrimination in hiring can toll the continuing accrual of backpay liability under § 706(g) of Title VII ... simply by unconditionally offering the claimant the job previously denied...." 458 U.S. at 220, 102 S.Ct. at 3058–59. The Court held in the affirmative, emphasizing that such a rule would create an incentive for employers to redress voluntarily acts of past discrimination. From the record, it does not appear that MarAd made such an offer to Ms. Howard. Absent such an offer, liability for back pay is not tolled.

"In tailoring a Title VII remedy a court 'has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future.' " *Ford Motor Co.,* 458 U.S. at 233 n. 20, 102 S.Ct. at 3066 n. 20 (quoting *Albemarle Paper Co., supra,* at 418), 95 S.Ct. at 2372.[2] Failure to grant Ms.

---

2. Elsewhere in *Ford Motor,* the Court states: Of course, if the claimant fulfills the requirement that he minimize damages by accepting the defendant's unconditional offer, he remains entitled to full compensation if he wins his case. A court may grant him backpay

Howard back pay for the period after she left MarAd conflicts with both parts of this duty—it neither compensates Ms. Howard for her injury, nor deters MarAd from its discrimination. Furthermore, it would discourage a claimant from mitigating damages by accepting a position at another agency. Terminating back pay relief upon resignation, for instance, would penalize Ms. Howard for moving to ACTION where she was allowed to advance without discrimination. Ms. Howard is entitled to back pay in the amount of the difference between what she earned, and what she would have earned under the promotion schedule proposed by plaintiff from January 1976 to March 18, 1983, the date of the Injunction.

Accordingly, it is this 15th day of August, 1986, hereby

ORDERED: that Thelma McDowell be placed in a GS–9 position with promotion potential to GS–11 or, in the alternative, be promoted to GS–11 on May 29, 1987; and it is further

ORDERED: that the backpay of Sharon Howard be computed from January 1976 to March 1983 based on the presumption that she would have been promoted to GS–9 in January 1977; to GS–11 in January 1978; and to GS–12 in January 1980; and it is further

ORDERED: that the defendants shall submit to plaintiffs' counsel a proposed amount of backpay for Sharon Howard based on the above schedule within fourteen (14) days of the date of this Order, and plaintiffs' counsel shall respond thereto within seven (7) days of receipt, and that the parties shall file with the Court within ten (10) days of such response either a proposed order for an agreed backpay amount or submissions regarding any dispute as to the amount.

accrued prior to the effective date of the offer, retroactive seniority, *and compensation for any losses suffered as a result of his lesser seniority* before the court's judgment.

458 U.S. at 233–34, 102 S.Ct. at 3066–67 (footnotes omitted; emphasis added). This passage appears to envision the kind of award that Ms. Howard is seeking.