**Lottie B. SHEPARD, Plaintiff,**

v.

**Robert M. ADAMS, Defendant.**

**Civ. A. No. 86–2008.**

United States District Court,
District of Columbia.

May 8, 1987.

---

Janet Cooper, Washington, D.C., for plaintiff.

Joan Hollenbach, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

Plaintiff, a black woman, brought this action alleging discrimination on the basis of race and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. Plaintiff, a secretary at the Office of Printing and Photographic Services ("OPPS") at the Smithsonian Institution, is in a noncareer-ladder position at a GS–6 grade. Plaintiff claims that from 1980 to 1985 defendant discriminated against her in a series of personnel actions.[1] This matter

---

1. Plaintiff claims that the following acts in which defendant engaged were discriminatory: failure to promote plaintiff in 1980, 1982, and 1984 to a GS–7 position; April 1985 letter of reprimand; failure to give plaintiff a cash award for assuming additional duties; 1985 performance appraisal; May 1985 denial of plaintiff's request to work flexible hours; July 1985 denial of plaintiff's request for leave; denial of plaintiff's request for leave to serve on the Accounting Committee; surveillance of plaintiff by a white employee; failure to move plaintiff's desk to a quieter area; and failure to give her access to the key to the Production Control Office.

is presently before the Court on defendant's motion to dismiss or, in the alternative, for partial summary judgment. At issue are plaintiff's claims concerning defendant's failure to promote her in 1980, 1982 and 1984, the issuance of the letter of reprimand and the agency's failure to give her a cash award for assuming additional duties.[2] Upon consideration of defendant's motion, the opposition thereto and counsel's representations at oral argument, the Court concludes that defendant's motion with respect to the alleged failure to promote plaintiff in 1980, 1982 and 1984 must be denied at this juncture in the case. The Court, though, shall dismiss plaintiff's claims regarding the letter of reprimand and the cash award.

## DISCUSSION

A complaint may be dismissed for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12 only where it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" in this Court. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), cited in *Doe v. United States Department of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985). For purposes of a motion to dismiss, the complaint is to be construed in the light most favorable to the plaintiff, and all well-pled allegations of fact and reasonable inferences therefrom are to be taken as true. *Id.*

*Failure to Promote Plaintiff in 1980 and 1982*

Defendant argues that plaintiff's allegations with respect to the agency's failure to promote her in 1980 and 1982 should be dismissed for failure to exhaust administrative remedies. The regulations corresponding to Title VII require an aggrieved employee to initially consult with an Equal Employer Opportunity Counselor within 30 days of an alleged violation to seek a resolution of the matter. 29 C.F.R. §§ 1613.213(a); 1613.214. An agency may extend the time limits if the employee was not notified or was unaware of the 30–day time limit, circumstances prevented him from timely submitting the matter, or for other sufficient reasons. 29 C.F.R. § 1613.214(a)(4). Plaintiff did not contact the EEOC within 30 days of her failure to be promoted in 1980 or in 1982. She does not contend that she was unaware of the 30–day time limit or that circumstances prevented her from timely presenting her claims. She did not contact an EEO counselor until January 1985 after defendant had again refused to promote her in December 1984. Although the charge concerning the agency's refusal to promote in 1984 was timely filed, the claims with respect to the 1980 and 1982 promotion reviews were not filed within the requisite 30 days.[3] Defendant concludes, therefore, that these allegations are time-barred under Title VII.

Plaintiff asserts, however, that her claims with respect to the 1980 and 1982 denied promotions should not be dismissed because they are part of a pattern of continuing discrimination and, therefore, are properly before this Court. If an aggrieved employee alleges a pattern of continuing discrimination in violation of Title VII, claims which arose more than 30 days before a charge was first filed with the defendant agency are not time-barred under Title VII. *E.g., Valentino v. U.S. Postal Service,* 674 F.2d 56, 65 (D.C.Cir.1982); *Scott v. Claytor,* 469 F.Supp. 22 (D.D.C. 1978). "The rationale underlying this approach is that a remedy should be provided 'for past actions which operate to discriminate against the complainant at the present time'.... The essential ingredient is the interrelatedness of the past and present

---

**2.** The parties have voluntarily dismissed the following alleged acts of discrimination as time-barred under Title VII: plaintiff's 1982 and 1983 performance appraisals; denial of training in 1984; and denial of leave and flexible hours in August 1984.

**3.** The Court need not entertain plaintiff's claim merely because the agency investigated an untimely claim. *DuVall v. Postmaster General,* 585 F.Supp. 1374 (D.D.C.1984), *aff'd,* 774 F.2d 510 (D.C.Cir.1985); *but see Huntley v. Department of Health, Education and Welfare,* 550 F.2d 290 (5th Cir.1977) (if agency acted on complaint, time limits are not mandatory).

acts and not simply any similarity between them." *Scott v. Claytor, supra,* 469 F.Supp. at 25.

The Fifth Circuit has delineated the following factors for a court to consider in determining whether the employee has established a continuing violation:

(1) Do the alleged acts involve the same type of discrimination, tending to connect them in a continuing violation?

(2) Are the alleged acts recurring or more in the nature of an isolated work assignment or employment decision?

(3) Does the act have the degree of permanence which would trigger an employee's awareness of and duty to assert his or her rights, or which should indicate to the employee that the continued existence of the adverse consequences of the act is to be expected without being dependent on a continuing intent to discriminate?

*Berry v. Board of Supervisors of LSU,* 715 F.2d 971, 981 (5th Cir.1983). The continuing violation theory requires the Court to engage in a case-by-case analysis.

Defendant contends that the agency's refusal to promote plaintiff in 1984 was an isolated employment decision, unrelated to the failure to promote plaintiff in 1980 or 1982. The three incidents were separated by a considerable time span and involved two different supervisors, lending credence to defendant's proposition that the incidents were isolated and unrelated. As the Supreme Court observed, "mere continuity of employment without more is insufficient to prolong the life of a cause of action for employment discrimination." *Delaware State College v. Ricks,* 449 U.S. 250, 257, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980).

Plaintiff, however, alleges far more than three incidents of failure to be promoted to a GS–7 grade. She also challenges, *inter alia,* performance appraisals and denial of leave as further acts of discrimination. Many of the other alleged discriminatory acts, though, occurred after the agency failed to promote plaintiff in 1984. Plaintiff argues that because she sought the same job each time, in the same office, and at the same grade, she has met the interrelatedness test to establish a pattern of continuing discrimination. Plaintiff further notes that white employees received promotions while she was repeatedly denied one. These other employees, however, did not have jobs comparable to plaintiff's and, therefore, little significance should be accorded their promotions.

The Court is concerned about the true continuing nature of the alleged discrimination. The three non-promotions occurred at two year intervals and as such do not appear to suggest a continuing pattern of discrimination. The Court, though, must read plaintiff's complaint liberally and in the light most favorable to her when faced with a motion to dismiss. Given this predicate and the numerous alleged acts of racial discrimination, the Court at this time shall deny defendant's motion to dismiss the 1980 and 1982 claims as time-barred.

*Failure to Promote In 1984*

Defendant contends that plaintiff cannot establish a *prima facie* case of discrimination and, therefore, her claims with respect to the agency's failure to promote her in 1984 should be dismissed. To construct a *prima facie* case of discrimination in a refusal to promote action, plaintiff must prove the following four elements of her claim: (1) she belongs to a protected group; (2) she was qualified for and applied for a promotion; (3) she was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected group were promoted at the time plaintiff's request for promotion was denied. *Bundy v. Jackson,* 641 F.2d 934, 951 (D.C.Cir. 1981).

Defendant contends that plaintiff cannot satisfy the second and fourth prongs of the *prima facie* test because she did not have a career-ladder position with promotion potential to a GS–7 level. The Office of Personnel Management ("OPM") in an independent desk audit determined that plaintiff's position did not warrant a GS–7 grade. Defendant thus concludes that since OPM decisions are binding on the agency, plaintiff cannot establish that she was qualified for the promotion. Defend-

ant also asserts that the white employees who were promoted did not have qualifications similar to those of plaintiff, thereby precluding her from meeting the fourth prong of the *prima facie* test. For these same reasons, defendant argues that, even assuming plaintiff satisfies the *prima facie* test, she cannot establish that defendant's reasons for refusing to promote her were pretextual.

Defendant further directs the Court's attention to *Day v. Mathews*, 530 F.2d 1083 (D.C.Cir.1976), where this Circuit held that "back pay and retroactive promotion should be awarded unless the Secretary, by clear and convincing evidence, carries his burden of proving that, even absent the admitted discrimination, ... [plaintiff] still would not have been selected." *Id.* at 1086. Defendant concludes, therefore, that even if the Court were to find that the agency had discriminated against plaintiff, she would not have been promoted regardless of the discrimination because OPM in a binding decision classified plaintiff's position as a GS-6. Plaintiff, however, is seeking more than back pay and retroactive promotion. She also requests the Court to enter a declaratory judgment that defendant has engaged in discriminatory acts and to order defendant to cease such practices. Dismissal of the 1984 promotion claim on the *Day* rationale, therefore, would be inappropriate at this time.

Plaintiff also has raised a genuine issue of fact with respect to whether defendant discriminated against her by not assigning her additional duties to allow her to qualify for a GS-7 grade as the agency allegedly had done for white employees seeking promotions. Defendant claims, though, that plaintiff has raised a new theory to her case which was not before the agency on her administrative complaint and, therefore, is untimely. Plaintiff initially had alleged that because she had assumed additional duties she was entitled to a GS-7 promotion. The assertion now put forth by plaintiff is consistent with her claim of discrimination in that both theories contend that she was given disparate treatment with respect to promotions because she is black. In a Title VII action, "a plaintiff may not raise in court a *basis* of discrimination which was not included in her administrative complaint." *Miller v. Smith*, 584 F.Supp. 149 (D.D.C.1984) (emphasis in original). Here plaintiff alleged discrimination on the basis of race and color both in her administrative complaint and in the action presently before the Court and, therefore, her claim is not time-barred.

Plaintiff, moreover, has raised material issues of fact with respect to the trial period the agency sought to impose before it would consider promoting her to the next grade, a procedure to which she claims the white employees were not subjected. Defendant contends that plaintiff refused to accept any additional responsibilities. Although she bears the ultimate burden of proof, plaintiff has sufficiently alleged racial discrimination and raised issues of material fact to withstand defendant's motion to dismiss or, in the alternative, for summary judgment with respect to the 1984 failure to promote claim.

*April 1985 Letter of Reprimand*

█ In April 1985, plaintiff received a letter of reprimand from Ms. Aceto, her supervisor, regarding a mistake in the log sheets. After plaintiff explained what had occurred, the letter of reprimand was rescinded and removed from plaintiff's personnel file within nine days of being issued. Defendant argues, accordingly, that plaintiff's claim is moot. This Circuit has held that "the request for injunctive relief will be moot only where there is no reasonable expectation that the conduct will recur, or where interim events 'have completely and irrevocably eradicated the effects of the alleged violation.'" *Bundy v. Jackson, supra*, 641 F.2d at 946 n. 13 (D.C.Cir.1981). Defendant contends that there is no reasonable expectation that the alleged violation will recur. The agency further asserts that any effects from the letter of reprimand have been eradicated by its removal from plaintiff's personnel file.

Plaintiff counters by noting that prior to this suit only blacks were subjected to disciplinary actions. Plaintiff claims, for example, that Ms. Aceto never issued a letter

of reprimand to a white employee who failed to complete tasks as requested. While these allegations may be relevant to her overall case, plaintiff does not seek specific relief with respect to the letter of reprimand. Since the letter was rescinded, plaintiff's claim shall be dismissed as moot.

*Failure to Give Plaintiff a Cash Award*

In October 1984 plaintiff assumed the duties of Ms. Whistler, a Funds Control Officer, who was ill. Ms. Whistler had been rated at a GS–7 grade. Plaintiff seeks a cash award of $500 for her assumption of Ms. Whistler's duties. Defendant on March 30, 1987 gave plaintiff a cash award of $1,000 in recognition of the additional duties she assumed from Ms. Whistler. Defendant asserts, therefore, that this claim is moot and should be dismissed.

Plaintiff argues that her claim is not moot because she is seeking general injunctive relief. Although plaintiff may choose to proffer defendant's initial failure to give her a cash award as evidence of discrimination, there does not appear to be any further relief the Court can grant on this claim. The Court, therefore, shall grant defendant's motion to dismiss plaintiff's claim with respect to the cash award.

ORDERED that defendant's motion to dismiss plaintiff's claims with respect to the letter of reprimand and the cash award is granted and these claims are hereby dismissed; and it is

FURTHER ORDERED that defendant's motion with respect to plaintiff's claims regarding defendant's failure to promote her in 1980, 1982 and 1984 is denied without prejudice.