**Karen A. COLES, Plaintiff,**

v.

**Thurman M. DAVIS, Defendant.**

**Civil Action No. 01–732(JMF).**

United States District Court, District of Columbia.

Aug. 4, 2003.

Addendum Order Aug. 5, 2003.

Robert Charles Seldon, Seldon Anderson, P.C., Washington, DC, for plaintiff.

Daria Jean Zane, U.S. Attorney's Office, Washington, DC, for Thurman M. Davis, Sr., defendant.

David Jackson Ball, Jr., Daria Jean Zane, Jane M. Lyons, U.S. Attorney's Office, Washington, DC, for Stephen Perry, defendant.

### MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

I have modified the instructions in accordance with many of the suggestions and objections of counsel. In this memorandum I explain why I have rejected additional suggestions and objections.

### The Significance of Dr. Scott's Testimony

As noted in my opinion pertaining to the motion *in limine*, plaintiff wants the jury to be instructed that, since the defendant hired Dr. Scott, he was the defendant's agent and, therefore, "you must take Dr. Scott's findings as though they were made by the defendant itself."

Having now heard the evidence, I will decline to give this instruction. First, as I indicated in the opinion on the motion *in limine*, the defendant has not presented

any evidence that Dr. Scott was not authorized to perform the examination he did. Hence, I persist in my view that any argument that he was not authorized to do what he did would not be based on any evidence and would be an improper argument. I certainly do not understand the defendant's counsel to intend to make such an argument and, while it is probably unnecessary to do so, I will ask defendant's counsel to refrain from making such an argument.

I will not give the instruction plaintiff proposes, however. The evidence shows that Mr. Dutton decided to get additional information about plaintiff's physical ability to perform her job after he reviewed Dr. Scott's report. I will instruct the jury as to the fundamental agency principle that the defendant is bound by acts of its agents. But, if I tell the jury, as plaintiff proposes, that it is to view Dr. Scott's findings as though the defendant itself had made them, I fear that the jury may think that Mr. Dutton had to accept them as a matter of law and was legally disabled from seeking additional information. That is not the law. Furthermore, the question presented is whether Mr. Dutton's motivation was or was not retaliatory. Whether the defendant was "bound" by what Dr. Scott said is irrelevant to the crucial question of Mr. Dutton's motivation.

I also find it confusing for the jury to be told, as plaintiff proposes, that it must take Dr. Scott's findings "as though they were made by defendant itself" and then to tell them, as plaintiff also proposes, that "[t]he significance to attach to Dr. Scott's findings is for you to make." I am afraid that the latter phrase contradicts the former, for if I give the instruction plaintiff proposes, I am directing them as to the significance of Dr. Scott's testimony; indeed, I am coming much too close to directing a verdict on its significance.

## Mitigation of Damages

Plaintiff proposes that I give the standard instruction as to her obligation to mitigate her damages. Defendant objects, pointing out that the questions of back pay and deductions therefrom (if any) are for the Court, if plaintiff prevails. Defendant's point is well taken. Additionally, I believe that the trial evidence has rendered plaintiff's applying for workmen's compensation of minor significance. At one point, plaintiff may have feared that the defendant would argue that her applying for and receiving such compensation on the basis of a finding of impairment by the Department of Labor is inconsistent with her claim of being fit for duty without qualification. But, Dr. Butler told us, with emphasis that I recall, that the impairment finding by the Department of Labor had nothing to do with his conclusion, and none of the other doctors disagreed. More significantly, Mr. Dutton never indicated that the Department of Labor finding had anything to do with his demand that doctors Scott and Starr give him additional information or his determination that plaintiff be examined by Dr. Butler. Finally, we have not heard from any witness from the Department of Labor as to the significance of its finding. The trial evidence has rendered the impairment insignificant and I see no reason to instruct the jury to provide an explanation as to why plaintiff applied for and received workmen's compensation.

I predicate all this upon the assumption that the defendant will not argue to the contrary in closing argument. If defendant's counsel intends to, I would appreciate counsel so advising me before the argument since I do not wish to interrupt counsel during closing argument either *sua sponte* or upon the raising of an objection by plaintiff's counsel.

### Retaliation—Damages

Plaintiff protests that my instruction will leave the jury with the impression that the violation of her rights without more does not support an award of compensatory damages. The instruction specifically states: "You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find they were caused by defendant's retaliation."

### Retaliation—Inferences to be Drawn

Plaintiff demands that the jury be instructed as to the kinds of evidence from which it may infer retaliatory motive. Thus, plaintiff argues that the jury is to be told that it may infer retaliatory motive from differences in treatment of employees who engage in protected activity, closeness in time between protected activity, and departures from an employer's standard practice. *See Plaintiff's Objections to the Court's Proposed Jury Instructions* at 8.

Counsel is permitted to argue as to the nature of circumstantial evidence and to suggest that differing treatment and closeness in time are evidence of retaliatory motive. I do not think it appropriate for me to echo that argument and give the jury specific direction as to how it is to judge individual items of evidence it has heard. I think the better course is to describe to the jury the nature of direct and circumstantial evidence and leave it to counsel to argue the significance of individual items of evidence.

### "Same Result"

Plaintiff demands that the defendant establish that it had a completely independent reason for the actions it took; plaintiff demands this even though the jury is being told that:

If you find that plaintiff has proven that it is more likely so than not so that her pursuing complaints of discrimination was a substantial or motivating factor in the decisions the defendant made and about which she complains, you have one final task. If you have determined that plaintiff has proven by a preponderance of the evidence that retaliation was a substantial or motivating factor in the defendant's decisions, then you must also determine whether the defendant has proven by a preponderance of the evidence that it would have made the same decisions about which plaintiff complains even in the absence of retaliation. You must, therefore, determine whether the defendant has shown that it is more likely so than not so that it would have made the same decisions even if you find it more likely so than not so that retaliation was a substantial or motivating factor in the decisions it made.

In my view, insisting that the defendant prove what plaintiff calls a "completely independent reason" seems to increases the defendant's burden of proof, at least conceptually, without warrant. As we all agree, since *Day v. Mathews*, 530 F.2d 1083, 1085 (D.C.Cir.1976),[1] a defendant may escape liability if it establishes that, for example, the complaining applicant would not have "gotten the post in any event, absent discrimination." My instruction tracks that language exactly and I can find no warrant in the case law or in collections of proposed jury instructions for plaintiff's insistence that the reason profered by the defendant be completely independent of a retaliatory motive. In an area of the law already troubled by linguistic and conceptual difficulties,[2] I am

---

1. Day antedates the 1991 amendments and I persist in my view that the 1991 amendments do not apply to a retaliation case. Hence, Day applies to this case.

2. See Bernard Mizer, Student Author, *Toward*

reluctant to introduce a whole new way of stating the defendant's burden without direction from a controlling authority.

Finally, if the jury finds that the reasons defendant has given are false, then the instructions tells it that plaintiff has met her burden of proof. There is no reason to think that the jury will then consider the very reasons it found false and insufficient as grounds to conclude that the defendant would have made the same decision, independent of a retaliatory motive. When a defendant proffers a reason for its action and the jury rejects it, there is no warrant for the defendant to then have to conjure up another completely independent reason for it actions, other than the reason it gave and the jury rejected.

### Right to Make Business Decisions

Plaintiff complains that this instruction is duplicative of the same result instruction. It is not because it conveys the entirely different concept that a jury may not use its verdict to disagree with an otherwise appropriate business decision. Finally, contrary to plaintiff's complaint, I see no reason to repeat again that a jury's disbelief of the reasons given for the decision may justify the conclusion that plaintiff has met her burden of proof.

### ADDENDUM

I issued my initial opinion before I heard counsel's argument. The argument convinces me that a brief addendum is in order.

There is another problem in insisting that the defendant be obliged to show a completely independent reason for its actions. It is possible after all for the reasons given by the defendant for its actions to be considered pretextual but nevertheless provide a legitimate reason for the

*a Motivating Factor Test for Individual Disparate Treatment Claims,* 100 Mich. L.Rev. 234

defendant to argue that it would have reached the same result anyway. In this case, a jury could find that Dutton and Henderson were motivated by retaliatory reasons in their insistence for additional medical information culminating in Dr. Butler's evaluation. The jury could also find, however, that Dr. Butler's testimony was truthful and provided a sufficient reason for the defendant's doing what it did, even if the act of seeking Dr. Butler's evaluation was motivated by retaliatory animus. Plaintiff's insistence that the jury find a completely independent reason, other than Dr. Butler's report, arguably "tainted" by the retaliatory motive, would, in my view, preclude the jury from finding that the defendant's agents sought Dr. Butler's report for the "wrong" reason but that the report nevertheless provided a reason that in itself that would permit the jury to conclude that defendant could have legitimately determined that plaintiff was unfit her job, even if defendant's agents sought that report for an impermissible reason.