George T. ROGERS, Plaintiff,

v.

EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Defendant.

Civ. A. No. 75–0297.

United States District Court,
District of Columbia.

Sept. 19, 1975.

Rights Act of 1964, as amended, 42 U.S.
C. § 2000e–16(c) (Supp. III, 1973).
There is no administrative record because the complaint was filed in this court when EEOC failed to act on plaintiff's administrative complaint within the statutory 180-day period. Jurisdiction is founded on 42 U.S.C. §§ 2000e–5(f)(3), 2000e–16(d) (Supp. III, 1973). The case was tried to the Court without a jury, briefed and fully argued. The following constitutes the Court's findings of fact and conclusions of law.

In March, 1974, Thomas Hadfield, a highly qualified white, was selected by an EEOC selection officer, Ms. Williams, a black, to be the Philadelphia District Office Director of EEOC. This selection was accepted by the Director of the agency and the appointment made accordingly. Rogers, a black, seeks damages and injunctive relief, claiming that the selection and his consequent rejection were in violation of Title VII because the factor of race influenced the selection.

At the time this position was filled there were four directorships in the Philadelphia region. The other three directors were black. No affirmative action plan for black or white males was in effect. Six males, four black and two white, were certified as highly qualified for the vacancy and were considered eligible.

Ms. Williams conscientiously interviewed all six candidates: five in person and one by telephone. She was thoroughly informed as to the managerial, personality and other requirements of the job and her interviews in depth were directed to these appropriate criteria. She sincerely believed, with ample factual basis, that Hadfield was better qualified than Rogers and her primary compelling reason for the choice was based on this appraisal which in no way was pretextual. Her superiors who approved the recommendation did so on the merits without even knowing or caring whether Hadfield was black or white.

Thomas P. Powers, Victor B. Gersh, Washington, D. C., for plaintiff.

Anthony J. DeMarco, Atty., EEOC, Washington, D. C., for defendant.

## MEMORANDUM OPINION

GESELL, District Judge.

This is a race discrimination case brought under Title VII of the Civil

When Rogers filed his complaint administratively, Ms. Williams, a highly educated, experienced, conscientious employee, was questioned about the circumstances by two EEOC employees: an investigator and an attorney appointed to counsel Rogers. She stated in each instance that Rogers was not the best qualified, and indicated that she had been concerned about the region's "EEO–1" profile and felt a white would reflect a better racial balance. While this racial consideration, impermissible under the circumstances, was never more than a makeweight in her selection, it was a subjective factor taken into account and the selection was therefore not racially neutral.

■ Thus the remaining issue presented is whether the record establishes a causal relation between resort to this racial factor and Rogers' rejection. Ms. Williams completely denies that racial consideration was involved. However, there was no contemporaneous written statement from her indicating her reasons for selection, and the Court rejects her testimony in this regard. It is thus impossible to measure the significance of her subjective attitude in relation to Rogers' rejection. Race was a factor in the choice. The burden is extremely heavy where that factor is present in any degree to overcome the presumption that it played a part in the decision, and complainant is entitled to a strong presumption that such is the case. The national policy requires strict proof. The Court therefore finds that defendant has failed to rebut plaintiff's prima facie case. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ EEOC argues that even if the Court finds some evidence of discrimination plaintiff should not recover because he was not the best qualified applicant for the job. The purpose of Title VII cannot be so easily turned aside, even by an agency charged with special responsibility to enforce the statute. Race played a part in the challenged selection decision. To accept EEOC's view that if this factor is one of two mixed motives governing the selection but is less than the controlling one it should be ignored would be to allow race prejudice again to raise its ugly head. Those who suffer from its effects would again face the constant refrain of "unqualified" so often used in the past to conceal the subtle effect of race bias. Where selection is based on a subjective appraisal and race plays a part, no matter how weighed, in the total factors said to govern choice, the selection is tainted and the rejected party must be made whole.

■ If race is an improper factor in the selection, as it was here, then Rogers is entitled to relief unless he would not have been selected absent the racial factor. Rogers ranked third. A white ranked second. There is no proof that race did not also affect the second ranking. Accordingly, absent race, Rogers must be deemed to have been the candidate who would have been selected once the improper racial consideration is eliminated.

■ Rogers asks that Hadfield be displaced and that he, Rogers, be placed in the job with back pay, and also seeks attorney's fees and costs. Assuming the Court has power to displace Hadfield, it declines to do so. On all the proof before the Court he is better qualified than Rogers and the nature of the discrimination shown here does not warrant such drastic relief. Rogers shall receive back pay at the level of the director's job from the date Hadfield took office. This back pay shall continue prospectively until the next District directorship in the Philadelphia region is filled or Rogers is appointed to and accepts a position with equal or better pay. Attorney's fees and costs are awarded.

Judgment for plaintiff Rogers. Counsel to submit form of order within ten days, together with supporting proof on the claim for attorney's fees.