Martha O. STEPHENSON, Plaintiff,

v.

William E. SIMON et al., Defendants.

Civ. A. No. 75–1694.

United States District Court, District of Columbia.

Nov. 12, 1976.

Robert M. Tobias, Michael E. Goldman, Washington, D. C., for plaintiff.

·Earl J. Silbert, U. S. Atty., Robe··t N. Ford, John R. Dugan, Asst. U. S. Attys., Washington, D. C., for defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case, brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 (EEOA), 42 U.S.C. §§ 2000e *et seq.*, is before the Court on cross-motions for summary judgment. In addition, defendants have moved to dismiss the complaint insofar as it states claims against persons other than Secretary of the Treasury William Simon, and insofar as it seeks relief for alleged discriminatory acts occurring prior to the effective date of the EEOA.

The following facts are undisputed: The plaintiff, Martha O. Stephenson, is female and is employed as a GS–11 chemist for the Bureau of Alcohol, Tobacco and Firearms [ATF] of the United States Department of the Treasury in Cincinnati, Ohio. On December 12,. 1973, plaintiff filed a formal complaint of sex discrimination against her supervisor, Frank J. Feeney, who is Chief of the Laboratory Branch of the Central Region of ATF. The complaint alleged that she had been denied opportunities for promotion because she is female.

The formal complaint was investigated and, when informal attempts to resolve the complaint proved unsuccessful, Civil Service Commission [CSC] Complaints Examiner

Phillip N. Miller was appointed to conduct a hearing. The hearing was held on June 5th and 6th, 1975, and the Complaints Examiner's findings and recommendations were issued on August 20, 1975. The summary of these findings states:

Based on the evidence of record, it is herein found that complainant was treated differently than the male chemists in the ATF Cincinnati laboratory in that she was not afforded overtime as they were; in that she was not given safety awards as they were; in that she was never designated acting chief in the absence of Mr. Feeney as were male GS–11 chemists; in that she was not afforded equal opportunity to attend training sessions; and in that she received a less favorable evaluation from Mr. Feeney in 1973. The evidence further supports, and it is so found, that Mr. Feeney discriminated against complainant in his day to day treatment of her such as in the assignment of duties and general communication with her. In consideration of the various reasons given for Mr. Feeney's treatment of complainant, the only basis supported with substantial evidence is complainant's sex. Accordingly, it is concluded that Mr. Feeney discriminated against complainant in each of the above matters that way because of her sex. The actions of Mr. Feeney from the time of his appointment as Chief until the . . . selection of Mr. McOwen for the GS–12 chemists position would undoubtedly have prejudiced complainant's opportunity for equal consideration in promotion actions. However, the evidence does not show that she would have been selected but for prohibited discrimination. Complainant was one of four highly qualified candidates considered by Mr. Murrell before making his selection. The record indicates that she had neither the educational background nor the years of experience had by Mr. McOwen . ..

(Exhibit 2, at 18–19).

The decision recommended by the Complaints Examiner was as follows:

It is recommended that the agency issue a final decision finding that the complainant was subjected to a continuing series of discriminatory acts because of her sex, but that the evidence does not support her contention that she would have been promoted in either 1971 or 1973 but for prohibited discrimination.

(Exhibit 2, at 19–20).

The Complaints Examiner then recommended the following corrective action:

It is hereby recommended that the agency determine the approximate number of hours overtime provided male chemists in conjuction [sic] with the cleaning of the laboratory and that the complainant be afforded the opportunity to work sufficient overtime to substantially equalize the record in this respect; that the agency develop and issue written guidelines for the granting of safety awards; and that a program be developed for complainant, involving formal training to provide her with experience comparable to that of the male chemists. Also it is recommended that complainant be given priority consideration for promotion to a GS–12 Chemists position if and when a further vacancy develops.

It is further recommended that the record of the instant complaint be carefully reviewed by the agency to determine if any disciplinary action is warranted; that Mr. Feeney be given special sensitivity training in EEO matters; that he be admonished to cease discriminating against complainant; and that all future evaluations by Mr. Feeney be reviewed by a higher authority to determine if they accurately reflect the level of her competence in relation to that of the other chemists.

(Exhibit 2, at 20–21).

In a letter dated September 23, 1975, Mr. David A. Sawyer, Director, Equal Employment Opportunity Program, Department of the Treasury, accepted in full the findings of the Complaints Examiner and adopted most, and perhaps all, of the recommenda-

tions for corrective action.[1] The Department of the Treasury did not, however, make any provisions for granting plaintiff back pay and retroactive promotion. As a result, plaintiff has filed this suit seeking both back pay and retroactive promotion.

### I. *Defendants' Motion to Dismiss as to All Defendants Other than Secretary Simon.*

A preliminary issue that must be addressed is presented by defendants' motion to dismiss the complaint as to defendants Rex Davis, Fred R. Murrell, and Frank J. Feeney.[2] Defendants contend that the *only* proper defendant in an action under 42 U.S.C. § 2000e–16 involving an Executive department is the head of that department —here, William Simon, who is Secretary of the Department of the Treasury.

■ Section 2000e–16(c) of Title 42 states that in civil actions by a federal employee or an applicant for federal employment to enforce rights under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, "the head of the department, agency, or unit, as appropriate, shall be the defendant." In order to evaluate defendants' interpretation of this provision, it is necessary to look to the other subsections of § 2000e–16 to determine the meanings of the terms "department," "agency," and "unit." Even a cursory reading of the entire section reveals that the definitions of these terms in subsection (a) of § 2000e–16 were clearly intended by Congress to be incorporated in subsection (c). Thus, the term "department" means "military departments as defined in section 102 of Title 5,"

"agency" means "executive agencies . . as defined in section 105 of Title 5," and "unit" means "those units of the Government of the District of Columbia having positions in the competitive service, and . . . those units of the legislative and judicial branches of the Federal Government having positions in the competitive service."[3] These definitions indicate that no argument can be made that ATF or its subdivisions are either a "department" or a "unit" within the meaning of the statute. Thus, only if they are an "agency" within the meaning of the statute can their directors or chiefs be properly joined as defendants.

■ The definition of "executive agencies" as provided in 5 U.S.C. § 105 (1970), and as incorporated in § 2000e–16, is "an Executive Department, a Government corporation, [or] an independent establishment." Again, it is necessary to look to other statutory sections for definitions of the component terms of § 105. Since ATF and its subdivisions are clearly not Government corporations, only the definitions of "Executive department" and "independent establishment" require examination. Section 101 of 5 U.S.C. (1970), defines "Executive department" by listing the 11 Cabinet-level departments, of which the Department of the Treasury is one. Clearly, ATF cannot qualify under this term. Section 104 of 5 U.S.C. (1970), defines "independent establishment" as "an establishment in the executive branch . . . which is not an Executive department, military department, Government corporation, *or part thereof* . . . ." (Emphasis added.) Since ATF is a part of the Department of

---

1. Defendants state that the agency accepted all the findings and recommendations of the Complaints Examiner. While plaintiff asserts, and though it appears to the Court from the text of the actual communication by the agency to the plaintiff, that there was no adoption of the recommendations concerning guidelines for safety awards and concerning future opportunities for the plaintiff to act as laboratory chief, this apparent dispute is not significant since the only remedy issue before the Court is whether the plaintiff is entitled to back pay and retroactive promotion.

2. Defendant Davis is the Director of ATF. Defendant Murrell is the Regional Director, Central Region, of ATF. Defendant Feeney is the Chief of the Laboratory Branch, Central Region, of ATF.

3. The United States Postal Service, the Postal Rate Commission, and the Library of Congress are specifically included in the scope of § 2000e–16, although they are not expressly denominated as either a "department, agency, or unit."

the Treasury, an Executive department, it is not itself an "independent establishment." Thus, the Court concludes that neither ATF nor its subdivisions are a "department, agency, or unit" within the meaning of § 2000e–16, and, accordingly, the defendants who are the heads of ATF and its subdivisions are not proper defendants in this case.

Although this issue has not been faced by many courts, three courts have ruled, though without detailed analysis of the statutory terms "department," "agency," and "unit," that defendants in positions analogous to those of defendants Davis, Murrell, and Feeney were not proper defendants to a Title VII action by a federal employee (or an applicant for federal employment). In *Williams v. Mumford*, 6 FEP Cases 483, 487 (D.D.C.1973), Judge Jones of this District held that the director of personnel at the Library of Congress was not a proper defendant. Similarly, in *Jones v. Brennan*, 401 F.Supp. 622, 627 (N.D.Ga. 1975), Judge Moye held that the Regional Manpower Administrator of the Manpower Administration for Region IV of the Department of Labor was not a proper defendant. Finally, the Court of Appeals for this Circuit, in *Hackley v. Roudebush*, 171 U.S.App.D.C. 376, 520 F.2d 108, 115 n. 17 (1975), concluded that the Director of the Investigation and Social Security Division of the Veterans Administration, his assistant, and the Assistant Administrator of the VA for Management and Evaluation were all improper defendants. *See also Jones v. United States*, 376 F.Supp. 13, 14 n. 3 (D.D. C.1974); *Haire v. Calloway*, 385 F.Supp. 309, 310 (E.D.Mo.1974); *Brooks v. Brinegar*, 391 F.Supp. 710 (W.D.Okl.1974).

On the basis of these authorities and this Court's analysis of the statutory language, the Court concludes that defendants' interpretation of § 2000e–16(c) is correct. The Court will therefore dismiss the complaint insofar as it states claims against defendant Davis, Murrell, and Feeney. In doing so, however, the Court notes, as did Judge Jones in *Williams v. Mumford, supra*, that

the dismissal as to these defendants in no way impairs the ability of the Court to fashion appropriate relief against the remaining defendant, Secretary Simon, if the Court finds relief to be warranted.

II. *Defendant's Motion to Dismiss Such Parts of The Complaint as Allege a Cause of Action Arising From The Nonpromotion of Plaintiff in 1971.*

Although the gravamen of the complaint is clearly defendant's failure to promote plaintiff in 1973, plaintiff also asserts that she is entitled to back pay and retroactive promotion to 1971, since she was at that time first denied promotion because of her sex. Defendant argues that the Court has no subject matter jurisdiction to order relief for acts of discrimination prior to the effective date of the EEOA, March 24, 1972, unless a claim based on such discrimination was pending on that date.

Plaintiff's claim that it was not until the 1973 nonpromotion that she became aware that the 1971 nonpromotion was the result of sex discrimination and that the agency, by accepting the complaint for processing, waived its objection to the 1971 claim is thus entirely inapposite, for if the Court does not have subject matter jurisdiction to award relief based on the alleged 1971 discrimination, it matters not whether the agency waived its objection by processing the complaint: Subject matter jurisdiction cannot be waived by the parties. *See* C. Wright, A. Miller, & E. Cooper, 13 *Federal Practice and Procedure* § 3522 (1975), and cases cited therein. The law is clear that unless a claim was pending either administratively or judicially at the time the Act took effect, *see Womack v. Lynn*, 164 U.S.App.D.C. 198, 504 F.2d 267, 269 (1974), the courts have no subject matter jurisdiction over claims of discrimination in federal employment arising prior to March 24, 1972. *Jones v. United States, supra*, at 15; *Thompson v. Link*, 386 F.Supp. 897, 899–900 (D.Mo.1974). Since a claim by plaintiff with respect to the 1971 nonpromotion was not pending on March 24, 1972, the

Court has no jurisdiction to award any relief for any discrimination taking place prior to that date. Accordingly, the Court will dismiss those parts of the complaint seeking relief for the alleged 1971 discrimination.

III. *The Cross-Motions for Summary Judgment on Whether Plaintiff is Entitled to Back Pay and Retroactive Promotion as a Matter of Law.*

The remaining issue before the Court is whether the plaintiff is entitled as a matter of law to the remedy she seeks—back pay and retroactive promotion.[4] The defendant, by accepting the findings of the Complaints Examiner, has admitted that the plaintiff suffered discrimination because of her sex, which "prejudiced [her] opportunity for equal consideration in promotion actions." *See* Exhibit 2, at 18–19, *quoted supra.*

The Court of Appeals for this circuit has clearly held that the remedy which plaintiff seeks is only available to her if she would have been promoted *but for* the fact that she was the victim of sex discrimination. *Day v. Mathews,* 530 F.2d 1083, 1085 (D.C. Cir. 1976), *interpreting* 42 U.S.C. § 2000e–5(g) (Supp. V 1975). Both parties here agree that the "but for" test is applicable to this case; the parties disagree, however, as to how the test should be applied to the facts of this case.

The operation of the selection process by which Mr. McOwen rather than the plaintiff was chosen for the open GS–12 position is undisputed. First, the candidates for promotion were scored by the selection panel on the basis of (1) education, (2) experience, (3) awards, and (4) performance evaluations by the applicant's supervisor. The scores for the four candidates for the 1973 promotion were as follows:[5]

| Candidate | Supervisor's Evaluation | Education | Experience | Awards | Total |
|---|---|---|---|---|---|
| M.O. Stephenson | 13 | 1 | 15 | 1 | 30 |
| John M. McOwen | 23 | 2 | 19 | | 43 |
| Robert G. Parker | 26 | 3 | 13 | | 39 |
| James W. Young | 21 | 2 | 10 | | 32 |

On the basis of these scores, the panel determined that all four candidates were "Best Qualified" for the GS–12 position.

After the panel thus ranked the candidates, Fred R. Murrell, Regional Director of the Central Region ATF, selected Mr. McOwen for the promotion. Both parties agree that Mr. Murrell, as the selecting official, could have chosen any of the four qualified candidates: He was not required to choose Mr. McOwen, even though Mr. McOwen had the highest point rating of all the candidates.

■ The defendant's essential argument is that the plaintiff has the burden of prov-

ing that she would have been selected for the promotion *but for* the discrimination. While the defendant admits that discriminatory evaluation by plaintiff's supervisor, Mr. Feeney, had the effect of prohibiting the plaintiff from achieving a higher point rating, he contends that even if Mr. Feeney had rated the plaintiff superior in terms of her performance, she still would have had "no more opportunity than [she] already possess[ed], that is, to be one among four on the 'Best Qualified List' from which the selecting official may make his selection." Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss

---

4. Both parties have moved for summary judgment on the basis of the administrative record, the accuracy of which both parties have stipulated to. *But see* n. 6 *infra.*

5. Defendant has provided the Court with those figures, and plaintiff has not contested their accuracy. Yet, neither party has explained why the totals for the candidates other than Ms. Stephenson are slightly lower than the sum of the listed scores. Nevertheless, for the purposes of this motion, the discrepancies are not material and do not affect the ranking of the candidates.

or, in the Alternative, for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment, at 11. The defendant further states: "The record shows conclusively that even awarding plaintiff the benefit of all doubts in the promotion process, she still does not stand alone as the person who should have been selected for the September 30, 1973 promotion to GS–12." *Id.* at 7. Thus, he argues that the Complaints Examiner's conclusion that the evidence does not support a finding that plaintiff would have been promoted but for the discriminatory acts of Mr. Feeney is supported by the record and correct as a matter of law.

██ The Court is unable to accept this attenuated reasoning. Defendant's interpretation of the mandate of *Day v. Mathews, supra,* is clearly contrary to the plain holding of the Court of Appeals, which stated that "back pay and retroactive promotion should be awarded *unless the Secretary, by clear and convincing evidence, carries his burden* of proving that, even absent the admitted discrimination, [plaintiff] still would not have been selected." 530 F.2d at 1086. (Emphasis added). Certainly the defendant has not sustained this burden of proof.[6] Defendant's characterization of the effect of the admitted discrimination on the selection process is unsupported by, and in fact contradictory to, the entire record in this case.[7] It is clear from the record that the score assigned to each candidate was substantially, if not entirely, determinative of who was selected for the GS–12 promotion, and there can be no doubt that plaintiff's low supervisor ratings severely prejudiced her opportunity for promotion inasmuch as this rating was the single variable most responsible for the difference in scores among the candidates. Even if this were not so clear from the record, the Court would still be forced to conclude that the discriminatory treatment of the plaintiff significantly affected her opportunity for promotion. As Judge Gesell recently stated in *Rogers v. Equal Employment Opportunity Commission,* 403 F.Supp. 1240, 1242 (D.D. C.1975): "The burden [on the defendant] is extremely heavy where [discrimination] is present in any degree to overcome the presumption that it played a part in the decision, and complainant is entitled to a strong presumption that such is the case. The national policy requires strict proof." The Court thus concludes on the basis of the record heretofore developed that defendant not only failed to sustain its burden of proof before the Complaints Examiner, but also that it would be impossible for defendant to sustain that burden of proof. Therefore, *Day* compels the Court to award plaintiff the remedy she seeks—back pay and retroactive promotion to GS–12 status.

An order in accordance with the foregoing will be issued of even date herewith.

---

**6.** The Complaints Examiner, in fact, made no finding on whether the defendant sustained his burden of proof, since the Examiner's findings preceded the decision in *Day.* Defendant has suggested, albeit somewhat obliquely, *see* defendant's brief herein, at 2, 13–14, that if the Court does not grant his motion for summary judgment, it should also deny plaintiff's motion in order to permit defendant to introduce evidence to sustain his burden of proof under *Day.* This argument, of course, does not preclude the Court from granting plaintiff's motion for summary judgment. There is no basis in the present record for concluding that plaintiff would not have been promoted absent the admitted discrimination, and defendant has failed to state what competent evidence he could now introduce to support such a conclusion. Any evidence that defendant could conceivably adduce would necessarily conflict with the established facts in the present record *which the* *defendant has accepted.* Especially in view of the fact that *Day* requires the defendant to prove by "clear and convincing evidence" that plaintiff would not have been promoted absent the admitted discrimination, the Court concludes that any further proceeding would be a useless exercise and that summary judgment is appropriate. *See generally* 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2727 (1973).

**7.** The Court notes, *moreover,* that if it were to accept defendant's argument, no person denied promotion by a selecting official who has discretion to choose from a pool of qualified candidates could ever prevail on a claim for back pay and retroactive promotion. This result would frustrate the important policies served by this remedy. *See Day v. Mathews, supra,* at 1086, and authorities cited therein.