**Ethel Ann Bricker DEAN, Plaintiff,**

v.

**The UNITED STATES of America, U. S. Department of Justice, Benjamin R. Civiletti, Attorney General of the United States, United States Marshal Service, and Harold C. Warren, United States Marshal for the District of North Dakota, Defendants.**

A4 79–178.

United States District Court,
D. North Dakota,
Northwestern Division.

Feb. 28, 1980.

Michael Ward, Eaton & Van De Streek, Minot, N. D., for plaintiff.

Kermit Edward Bye, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Herbert A. Becker, Asst. U. S. Atty., Fargo, N. D., for defendants.

MEMORANDUM OPINION

DONALD J. PORTER, District Judge.[1]

■ Plaintiff, Ethel Ann Bricker Dean (Dean) has brought this action pursuant to Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e through 2000e–17. The alleged sex discrimination took place while Dean was a Deputy United States Marshal in the District of North Dakota from June, 1977 to April, 1978. This lawsuit was filed November 13, 1979. On January 20, 1980, all defendants with the exception of Attorney General Civiletti moved to dismiss on the ground that they are not proper defendants under 42 U.S.C. § 2000e–16(c). All discrimination involved can be remedied only through a suit under Title VII, *Brown v. General Services Administration*, 425 U.S. 820, 834, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402, 412 (1976). A

1. The Honorable Donald J. Porter, United States District Judge, District of South Dakota, sitting by designation.

suit under Title VII, where the employment involved was under the federal government, can be brought *only* against the head of the department, agency or unit against which discrimination is alleged. 42 U.S.C. § 2000e–16(c)[2]; *Hackley v. Roudebush,* 171 U.S.App.D.C. 376, 383, n.17, 520 F.2d 108, 115, n.17 (D.C. Cir. 1975); *Carver v. Veterans Administration,* 455 F.Supp. 544, 545–46 (E.D.Tenn.1978); *Rozier v. Roudebush,* 444 F.Supp. 861, 869 (S.D.Ga.1977); *Royal v. Bergland,* 428 F.Supp. 75, 76 (D.D. C.1977); *Scott v. Weinberger,* 416 F.Supp. 221, 223 (D.D.C.1976); *Keeler v. Hills,* 408 F.Supp. 386, 387 (N.D.Ga.1975); *Jones v. Brennan,* 401 F.Supp. 622, 627 (N.D.Ga. 1975); *Brooks v. Brinegar,* 391 F.Supp. 710, 711 (W.D.Okl.1974); *Williams v. Mumford,* 6 F.E.P. Cases 483 (D.D.C.1973). The question is thus whether the United States Marshal, District of North Dakota, or the Attorney General of the United States is the head of the department, agency or unit against which plaintiff brings her complaint.

■ The government, citing 28 CFR 0.5(a)[3] contends that supervisory authority over the Marshal's Service rests in the hands of the Attorney General, and that the Department of Justice is therefore the appropriate department, agency or unit. Dean, on the other hand, contends that since the alleged discrimination took place only within the United States Marshal's Office in the District of North Dakota, the United States Marshal for that District is the appropriate defendant. *See Guilday v. Dept. of Justice,* 451 F.Supp. 717, 726 (D.Del.1978).

In deciding this issue, the court looks first to the statute itself. The court needs go no further if the statute itself resolves the problem. The problem of whether a particular government entity constituted a department, agency or unit within § 2000e–16(c) was considered in *Stephenson v. Simon,* 427 F.Supp. 467, 470–71 (D.D.C.1976). Adopting the statutory analysis contained in *Stephenson,* we conclude that the United States Marshal's Service and the Office of the United States Marshal in North Dakota are not departments, units, or agencies under § 2000e–16(c), since they are part of a cabinet level department and not independent establishments. *See* 5 U.S.C. §§ 102, 104 and 105 and *Stephenson, supra.*

Since only the cabinet level department can be considered a department, unit or agency under the circumstances of this case, the case must be dismissed as to all defendants except the Attorney General of the United States, Benjamin R. Civiletti, in his official capacity as Attorney General.

The court notes that several cases have allowed results contrary to that reached here. *See I.M.A.G.E. v. Bailar,* 78 F.R.D. 549, 552–53 (N.D.Cal.1978) (retained defendants lower in chain of command; stated that "literal interpretation" of Title VII would require dismissal); *Guilday v. De-*

2. This statute reads as follows:

(c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

3. This regulation reads as follows:

The Attorney General shall:

(a) Supervise and direct the administration and operation of the Department of Justice, including the offices of the U.S. Attorneys and U.S. Marshals, which are within the Department of Justice.

*partment of Justice, supra,* at 726 (waited for further proof on question of responsibility for discriminatory acts); *Beasley v. Griffin,* 427 F.Supp. 801, 803 (D.Mass.1977) (found several heads of department, agency or unit); *Ellis v. Naval Air Rework Facility,* 404 F.Supp. 391, 397–98 (N.D.Cal.1975) (does not consider question of department, agency or unit); *Hunt v. Schlesinger,* 389 F.Supp. 725, 729 (W.D.Tenn.1974) (considered only indispensability of Civil Service Commissioners). In some instances, these cases retained defendants not the heads of departments, agencies or units. We believe the statute, as interpreted in *Stephenson, supra,* requires that such defendants be dismissed. The name of the defendant in this case will have little ultimate effect. Whether Dean sues Civiletti, the United States, the Marshal or the Department of Justice, she will be proving essentially the same acts by the same individual or individuals. The dismissal as to these defendants in no way impairs the ability of the court to fashion appropriate relief against defendant Civiletti, if relief is later found appropriate, *Stephenson, supra.* As held above, the statute provides that the nominal party is the Attorney General in his official capacity.

An appropriate order in accordance with this opinion will be entered.