Edward James FARRELL III, Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al., Defendants.

No. 95–187–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

Dec. 4, 1995.

Edward James Farrell, III, Lehigh Acres, FL, pro se.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before this Court on the following Motions and responses:

1. Defendants' Motion to Establish a Date Certain for Filing of Answer or Rule 12 Motion (Docket No. 16).

2. Plaintiff's Motion to Deny Defendants' Motion to Establish a Date Certain for Filing of Answer or Rule 12 Motion and Motion to Enter an Order in Favor of Plaintiff for Judgment of Default (Docket No. 17).

3. Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Deny De-fendants' Motion to Establish a Date Certain for Filing of Defendants' Answers and in Opposition to Plaintiff's Motion for Judgment of Default (Docket No. 18).

4. Plaintiff's Memorandum of Law in Opposition to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Deny Defendants' Motion to Establish a Date Certain for Filing of Defendants' Answers and in Opposition to Plaintiff's Motion for Judgment of Default (Docket No. 20).

5. Motion to Dismiss of Defendants United States Department of Justice, Robert Seymour, United States Marshals Service, Eduardo Gonzalez, Kenneth Holecko, Patricia Murphy, Suzanne Smith, and Joseph Moy, with supporting memorandum of law (Docket No. 22).

6. Defendant Janet Reno's Motion to Dismiss with supporting memorandum of law (Docket No. 23).

7. Plaintiff's Motion to Deny Defendant Janet Reno's Motion to Dismiss and All Defendants' Motions to Dismiss, filed August 18, 1995 (Docket No. 24).

8. Defendants' Statement in Opposition to Plaintiff's "Motion" to Deny Defendants' Motions to Dismiss (Docket No. 25).

9. Plaintiff's Motion to Establish a Date Certain for the Completion of the Case Management Report, filed July 25, 1995 (Docket No. 19).

10. Defendants' Memorandum in Opposition to Plaintiff's Motion to Establish a Date Certain for Completion of the Case Management Report (Docket No. 21).

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action against Defendants United States Department of Justice ("DOJ"), United States Attorney General, United States Marshal Service ("USMS"), Director of USMS and various officials of the DOJ and USMS. Plaintiff named the individual Defendants in the Complaint in conjunction with each of their official capacities as employees of the DOJ or USMS (Docket No. 1 at 2–3). Plaintiff did not state whether he was suing each

Defendant in his personal capacity. Plaintiff's Complaint listed Defendants as follows:

"2. Defendant, United States Department of Justice ...

3. Defendant, Janet Reno, Attorney General, United States Department of Justice ...

4. Defendant, Robert Seymour, Personnel Staffing Specialist, United States Department of Justice....

5. Defendant, United States Marshal Service, United States Department of Justice, a bureau or component of the United States Department of Justice ...

6. Defendant, Edwardo Gonzalez, Director, United States Marshal Service, component of the U.S. Department of Justice ...

7. Defendant, Kenneth Holecko, Assistant Director for Human Resources, United States Marshal Service....

8. Defendant, Patricia Murphy, Personnel Staffing Specialist, United States Marshal Service....

9. Defendant, Suzanne Smith, Chief, Employment and Compensation Division, United States Marshal Service....

10. Defendant, Joseph Moy, Retirement Counselor, United States Marshal Service...."

(Docket No. 1 at 2–3).

Plaintiff describes the "nature of the action" as one of "handicap discrimination pursuant to 29 U.S.C. § 794 and 794a; 42 U.S.C. [§] 2000e–16, and 5 U.S.C. § 2301(b)(1)(B) et sec." (Docket No. 1 at 1). Plaintiff claims Defendants discriminated against him because of his disability (back injury), and retaliated against him for engaging in protected Equal Employment Opportunity activity. Plaintiff alleges the USMS has denied him employment since March 1993, in violation of a settlement agreement placing him on a Priority Placement and Referral System list.

### *MOTION TO ESTABLISH A DATE FOR FILING ANSWER OR RULE 12 MOTION*

Defendants, expressly reserving the defenses of insufficiency of process and insufficiency of service of process, have moved to Establish a Date Certain for Filing of their Answers or Rule 12 Motions (Docket No. 16). Rule 12(a)(3), Fed.R.Civ.P., applies when the United States or an officer or agency thereof is served with a complaint. Rule 12(a)(3), Fed.R.Civ.P., states that the United States or an officer or agency thereof has sixty (60) days to answer or serve a Rule 12 motion in response to a complaint. Therefore, the DOJ, the USMS and individual federal defendants sued in their official capacity have sixty (60) days from service of the summons and Complaint upon the United States Attorney to answer or serve a Rule 12 motion. Fed. R.Civ.P. 12(a)(3).

Plaintiff served the United States Attorney General on June 13, 1995. The Answers or Motions were due by Monday, August 14, 1995 since the 60th day fell on Saturday, August 12, 1995. The Court denies this Motion as moot.

Plaintiff asserts that if this Court establishes a date certain for Defendants to file their answers or Rule 12 motions, then this Court should deny any future motions by Defendants "for insufficiency of process and insufficiency of the service of process." (Docket No. 20 at 2) This Court does not agree with Plaintiff's contention. Defendants, pursuant to Rule 12(a)(3), Fed.R.Civ. P., had until August 14, 1995[1] to file an answer or Rule 12 motion and they did not waive their right to file Rule 12 motions by requesting that this Court establish a date certain for filing their Answers or Rule 12 Motions.

### *PLAINTIFF'S MOTION FOR JUDGMENT OF DEFAULT*

In response to Defendants' Motion to Establish a Date Certain for Filing their Answers or Rule 12 Motions, Plaintiff moves this Court to Deny Defendants' Motion and to enter a Judgment of Default. (Docket No. 17) Since this Court determined that Defendants have until August 14, 1995 to respond to the Complaint or file Rule 12 motions,

---

**1.** Incidently, Defendants filed their Rule 12 motions on August 14, 1995. (Docket No. 22 & 23)

Defendants have not defaulted. Accordingly, this Court orders that Plaintiff's Motion for Default, be denied.

## DEFENDANTS' MOTION TO DISMISS

On August 14, 1995, Defendants United States Department of Justice, Robert Seymour, United States Marshals Service, Eduardo Gonzalez, Kenneth Holecko, Patricia Murphy, Suzanne Smith, and Joseph Moy, filed a timely Motion to Dismiss Plaintiff's Complaint on the following grounds:

(1) the only proper party defendant in a civil action based on allegedly discriminatory employment practices by a federal agency is the head of the agency involved; (2) Plaintiff has not achieved valid service of process on any of the Defendants; and (3) the Court lacks personal jurisdiction over Defendants.

The Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701–794a, provides handicapped federal employees with the "remedies, procedure and rights" of the Title VII statute governing employment discrimination by the federal government, 42 U.S.C. § 2000e–16. *Campbell v. United States Navy,* 567 F.Supp. 356, 357 (D.Md.1983). Pursuant to 42 U.S.C. § 2000e–16(c), Title VII, an employee or applicant for employment with an executive agency who is aggrieved by the agency's final disposition of his complaint of discrimination may bring an action against "the head of the department, agency or unit."

Courts have consistently interpreted this section to mean that in federal employment discrimination suits under Title VII the only proper defendant is the head of the department, agency or unit against which discrimination is alleged. *See, e.g., Hall v. Small Business Administration,* 695 F.2d 175, 180 (5th Cir.1983) (holding that in a Title VII action brought against the SBA, only the Administrator of the SBA was a proper defendant because the Administrator is the head of the department); *Dean v. United States,* 484 F.Supp. 888, 889 (D.N.D.1980) (holding that in a Title VII action brought by a United States Deputy Marshal the only appropriate defendant is the Attorney General in his official capacity because he is the head of the department against which discrimination is alleged).

■ The Section 2000e–16(c) limitation that civil actions may only be brought against "the head of the department, agency or unit" applies to claims of discrimination under the Rehabilitation Act. *McGuinness v. United States Postal Service,* 744 F.2d 1318, 1322 (7th Cir.1984) (holding that since 29 U.S.C. § 794a borrows the procedures and remedies of Title VII, the exclusive remedy for a claim that a federal agency discriminated against a handicapped employee or job applicant is a suit against the agency's head).

■ The only proper Defendant in a Title VII suit or a claim of discrimination under the Rehabilitation Act is the head of the agency accused of having discriminated against the Plaintiff. In this case, Plaintiff alleged handicap discrimination and retaliation in connection with his employment or application for employment with the USMS and DOJ. Attorney General Janet Reno is the head of the DOJ. 28 C.F.R. 0.5(a) (1994). The Attorney General also has supervisory authority over the USMS, which is within the DOJ. *Id.*

In *Dean v. United States,* 484 F.Supp. at 888, plaintiff, a Deputy United States Marshal in the District of North Dakota, filed a Title VII action. In *Dean,* all defendants with the exception of the Attorney General moved to dismiss on the basis that they were not proper defendants under 42 U.S.C. § 2000e–16(c). *Id.* The *Dean* court held that 42 U.S.C. § 2000e–16(c) provides that the appropriate defendant in a Title VII suit brought by a Deputy United States Marshal is the Attorney General in his official capacity. *Id.* at 889. The *Dean* court dismissed the United States of America, the DOJ, the USMS, and the United States Marshal for the District of North Dakota from the action. *Id.*

Plaintiff in this case is a Deputy United States Marshal who filed a Title VII claim against various Defendants in addition to Attorney General Janet Reno. Under *Dean,* Attorney General Janet Reno in her **official capacity** is the only proper defendant in this action. Accordingly, this Court orders that

Defendants DOJ, Robert Seymour, USMS, Eduardo Gonzalez, Kenneth Holecko, Patricia Murphy, Suzanne Smith, and Joseph Moy be dismissed from this action.

Since this Court grants Defendants' Motion to Dismiss on the basis that the only proper Defendant in this action is the head of the agency involved, this Court finds that the other grounds upon which Defendants assert this Court should grant the Motion to Dismiss are moot.

### DEFENDANT JANET RENO'S MOTION TO DISMISS

On August 14, 1995, Defendant, Janet Reno, Attorney General of the United States ("Defendant"), filed a timely Motion to Dismiss Plaintiff's Complaint on the following grounds: (1) Plaintiff has not achieved valid service of process on Defendant; and (2) the Court lacks personal jurisdiction over Defendant.

Service of process upon the United States and its agencies or officers must follow the procedures set forth in Rule 4(i), Fed. R.Civ.P. To comply with Rule 4(i), Fed. R.Civ.P., Plaintiff must (1) serve a copy of the summons and complaint personally or by registered or certified mail upon the United States Attorney's office; (2) serve a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States; and (3) serve a copy of the summons and complaint by registered or certified mail to the officer or agency of the United States. Fed.R.Civ.P. 4(i)(1) and (2).

■ In this case, the return of service for Defendant Attorney General Janet Reno filed with this Court shows that the process server left copies of the summons and Complaint with a clerk authorized to accept service for Defendant (Docket No. 8). Plaintiff does not meet the requirements set forth in Rule 4(i), Fed.R.Civ.P., because copies of the summons and Complaint were not sent by registered or certified mail to the Attorney General. Defendant also submitted an affidavit of the Office Manager at the United States Attorney's Office stating that copies of the summons and Complaint were not served personally or by registered or certified mail

upon the United States Attorney's Office (Docket No. 23, Exhibit 1). Although Defendant did not address whether Plaintiff appropriately served the DOJ or the USMS, the agencies involved, this Court finds that there is no evidence in the record which indicates the DOJ or USMS were sent copies of the summons and Complaint by registered or certified mail.

Defendant asserts that if Plaintiff intends to sue her in her personal capacity, the service of process was insufficient. The issue of whether Plaintiff intends to sue Defendants in their personal capacity is moot because the only proper Defendant in this case is Attorney General Janet Reno in her official capacity. *See, Dean,* 484 F.Supp. at 889.

■ Without proper service, the district court has no jurisdiction to render a judgment against the Defendant in her official capacity. *Sanchez–Mariani v. Ellingwood,* 691 F.2d 592, 594 (1st Cir.1982); *Jordan v. United States,* 694 F.2d 833, 835 (D.C.Cir. 1982); *Messenger v. United States,* 231 F.2d 328, 331 (2d Cir.1956). This Court grants Plaintiff thirty (30) days from the date of this order to perfect service of process upon Defendant as set forth in Rule 4(i), Fed.R.Civ.P. Failure to comply with this order will result in the dismissal of this action for failure to effect valid service of process upon Defendant.

### MOTION TO ESTABLISH WHEN PARTIES SHOULD MEET TO PREPARE THE CASE MANAGEMENT REPORT

Determining a date by which the parties should meet to prepare a Case Management Report is contingent upon Plaintiff effectively serving process upon Defendant. Therefore, although Plaintiff filed his Motion to Establish When Parties Should Meet to Prepare the Case Management Report prior to Defendants' Motions to Dismiss, this Court finds it appropriate to discuss this motion after having addressed Defendants' Motions to Dismiss.

Local Rule 3.05(c)(2)(b) of the United States District Court for the Middle District

of Florida, applicable to Track Two Cases,[2] states in pertinent part "[c]ounsel and any unrepresented party shall meet within 60 days after service of the complaint upon any defendant, or the first appearance of any defendant, regardless of the pendency of any undecided motions, for the purpose of preparing and filing a Case Management Report." This motion is premature because Plaintiff has not properly served Defendant Attorney General. Therefore, this Court lacks jurisdiction over Defendant. Plaintiff's Motion to establish when parties should meet to prepare the Case Management Report is **denied.** Accordingly, it is

ORDERED that Defendants had until August 14, 1995 to file their Answers or Fed. R.Civ.P. 12 Motions. The Motions were timely filed, and the Court **denies** the Motion to Establish Date Certain (Docket No. 16) as moot. It is further

ORDERED that the Motion to Dismiss of Defendants DOJ, Robert Seymour, USMS, Eduardo Gonzalez, Kenneth Holecko, Patricia Murphy, Suzanne Smith, and Joseph Moy, be **granted** (Docket No. 22). It is further

ORDERED that Plaintiff's Motion for Judgment of Default (Docket No. 17) be **denied.** It is further

ORDERED that Defendant's Motion to Dismiss is **granted.** Plaintiff has thirty (30) days to comply with Rule 4(i), Fed.R.Civ.P. (Docket No. 23). It is further

ORDERED that the Plaintiff's Motion to Establish When Parties Should Meet to Prepare a Case Management Report (Docket No. 19) be **denied.**

DONE and ORDERED.

---

2. This action is designated as a Track Two Case    (Docket No. 5).