**Janet MAGGIO, Plaintiff,**

v.

**The STATE OF FLORIDA, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, et al., Defendants.**

No. 98–2473–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

July 19, 1999.

John Wilbur Bakas, Jr., Law Office of John W. Bakas, Jr., Tampa, FL, for Janet Maggio, plaintiff.

Danielle R. May, Jennifer M. Fowler, Zinober & McCrea, P.A., Tampa, FL, J.C. Miller, Office of General Counsel, Tallahassee, FL, for State of Florida Dept. of Labor & Employment Security, Cathy Sipple, Yolanda Dennis, Joyce McKenzie, Isabell Davis, Jerry Singletary, Renee Benton, defendants.

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS

KOVACHEVICH, Chief Judge.

This cause comes before the Court on the following:

1. Defendants' motion to dismiss (Docket No. 3) and Plaintiff's response (Docket No. 5); and

2. Defendants' supplement to their motion to dismiss (Docket No. 7), to which Plaintiff has made no response.

## STANDARD OF REVIEW

Plaintiff's complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court must also accept the plaintiff's well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In deciding a motion to dismiss, a court can examine only the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232 (M.D.Fla.1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs.*, 769 F.2d 700, 703 (11th Cir.1985). However, when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991); *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir.1991).

## BACKGROUND

The facts as stated are taken from the complaint (Docket No. 1). Plaintiff Janet Maggio was a Customer Service Specialist employed by Defendant Department of Labor and Employment Security [DLES] from April 15, 1985 until her resignation on May 15, 1998. Defendant DLES is a department of the State of Florida. Defendant Cathy Sipple was also a DLES employee and was Plaintiff's immediate supervisor at the times relevant to Plaintiff's complaint. Defendants Yolanda Dennis, Joyce McKenzie, Isabell Davis, Jerry Singletary, and Renee Benton were also DLES employees.

Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* [ADA]. The vision in her right eye is no

better than 20/300, and the vision in her left eye is worse. Her condition is not correctable to any degree with glasses. She is legally blind. Her condition limits her in the major life activities of seeing, walking, learning, caring for her personal needs, and working in a broad range of jobs in various classes. Additionally, Plaintiff has a record of having a disability and Defendants regarded her as having a disability.

Plaintiff can perform many of the essential functions of the position of Customer Service Specialist without any accommodation. With reasonable accommodation, she can perform the remaining essential functions of the position.

Plaintiff's immediate supervisor was a DLES employee named Johnnye Davis. Davis was charged with insubordination and filed a grievance. Plaintiff testified on Davis' behalf at the grievance hearing. Davis' grievance was upheld and the insubordination charge was overturned. Davis was later terminated from her employment. Davis appealed the decision. Plaintiff was among several employees who testified for Davis at her appeal hearing. The termination was overturned, and Davis was reinstated in the same position, but moved to another section. Plaintiff alleges that the content of her testimony at both hearings regarding Davis did not involve matters of her own personal interest, but matters of public concern, in that they related to the fair and honest implementation of DLES policies and the right to redress complaints through appeal procedures established by the DLES.

As a result of her testimony on behalf of Davis, the individual defendants retaliated against Plaintiff by discriminating against her on account of her disability and refusing to make reasonable accommodations for her disability. Specifically, Plaintiff alleges Defendants:

a. Failed to provide Janet Maggio with a 21″ to 37″ computer monitor. Thirty-seven inch monitors can display nearly the entire format of the form [the form that displays customer information] with 0.5″ high bold text.

b. Failed to modify the mainframe application's display format [used by customer Service Specialists in the performance of their job] so that the most important information is grouped together, or stacked.

c. Failed to provide Janet Maggio with software and modifications to software so text appears on Janet Maggio's computer monitor as full-line text in 36–point font which is approximately 0.5″ high.

d. Failed to provide documents on floppy disks for use by Janet Maggio.

e. Failed to provide Janet Maggio with word processing software such as WordPerfect, Word, and other widely-used applications in which to view text material that could be given her on floppy disks or sent by modem.

f. Failed to increase Attachmate Extral's default character size—this is a standard Extral feature.

g. Failed to use Windows 95 and its accessibility function to increase the size of screen objects without modifying applications.

h. Failed to provide Janet Maggio with a scanner by which she could convert information on paper to a computer file capable of being viewed in an enlarged font on her computer monitor.

i. Failed to provide Janet Maggio with training so she would be knowledgeable about computers and software used in her job.

j. Failed to allow Janet Maggio to make appropriate adjustments or modifications to policies regarding the means and methods of performing the essential functions of the employment position.

k. Failed to provide Janet Maggio with readers.

l. Failed to restructure the job of Customer Service Specialist without having Janet Maggio perform less work.

m. Failed to reassign Janet Maggio to a vacant position.

n. Failed to provide Janet Maggio with reasonable accommodations so she could attend training sessions provided to other Customer Service Specialists.

o. Failed to provide Janet Maggio with pink lights.

(Complaint ¶ 23). Additionally, the individual Defendants humiliated, intimidated, or laughed at Plaintiff because of her disability, and thereby created a hostile and abusive working environment.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission [EEOC], which sent a right to sue letter on October 8, 1998. She filed the instant complaint on December 4, 1998. Count I is a claim against Defendants Sipple, Dennis, McKenzie, Davis, Singletary, and Benton [hereinafter "the individual Defendants"] under 42 U.S.C. § 1983, for retaliating against Plaintiff for exercising her First Amendment right to free speech. Count II is a claim against Defendant DLES for violation of Title I the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* [ADA]. Count III is a claim against Defendant DLES for violation of Title II of the ADA, 42 U.S.C. § 12131 *et seq.* Count IV is a claim against Defendant DLES for violations of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

## ANALYSIS

### I. Count I

Defendants move for dismissal of Count I as against some or all Defendants on four grounds. Defendants argue that: (1) Plaintiff fails to state a claim, in that the facts alleged do not demonstrate that Plaintiff's speech was protected by the First Amendment; (2) Plaintiff fails to state a claim, in that the facts alleged do not establish a causal connection between the individuals named as Defendants and the specific acts which constitute a violation of Plaintiff's rights; (3) the claim cannot stand against the individual Defendants in so far as it alleges discrimination on the basis of disability; and (4) the claim cannot stand against the individual Defendants, because they have qualified immunity.

### A. Failure to State a Claim

Plaintiff argues that the allegations of the complaint are sufficient to establish that the individual Defendants retaliated against her for the exercise of her First Amendment rights. To state a claim for:

retaliation for the exercise of free speech, the plaintiff must establish that (1) the expression addressed a matter of public concern; (2) the employee's first amendment rights outweigh the interests of the employer in preserving the efficiency of government services; and (3) the employer's conduct was a substantial or motivating factor in the [retaliatory action].

*Martinez v. City of Opa–Locka,* 971 F.2d 708, 712 (11th Cir.1992). Defendants argue that Plaintiff's complaint does not state a claim, because it does not establish that her speech related to matter of public concern or that the individual Defendants were the cause of any action taken against Plaintiff.

### 1. Speech Related to Matter of Public Concern

Plaintiff alleges that her testimony at Davis' grievance hearing and termination hearing "involve[d] matters of public concern in that they related to the fair and honest implementation of DLES' personnel policies and the rights to redress complaints through appeal procedures established by the DLES." Compl. ¶ 21. An employee's speech is of public concern when it relates to a "matter of political, social, or other concern to the community."

*Morgan v. Ford,* 6 F.3d 750, 754 (11th Cir.1993). However, that First Amendment protection remains unavailable when "a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters of only personal interest." *Id.* To determine whether the speech was for public or private purposes, the Court must consider the "content, form and context of a given statement as revealed by the whole record." *Id.* at 754.

■ In the instant case, the content of Maggio's testimony did not relate to her own personal interest, but was on behalf of another employee. Contrary to Defendants' implication, this case is not similar to *Morgan,* in which an employee was allegedly terminated for complaining to her department's internal affairs division of sexual harassment. 6 F.3d at 752. Instead, the facts alleged in this case are more nearly similar to the facts of *Tindal v. Montgomery County Com'n,* 32 F.3d 1535, 1540 (11th Cir.1994). The plaintiff in *Tindal* was allegedly fired for testifying, in a sexual harassment action brought by a co-worker, as to the working environment in the office. *Id.* at 1538–39. In *Tindal,* the Eleventh Circuit distinguished the case before it from *Morgan,* stating that:

> Tindal's speech took place in a public forum (a federal district court proceeding), not in a private context; it also supported the discrimination and harassment claims of other individuals, not of Tindal herself (as Tindal was not a plaintiff and could not recover damages if the suit succeeded). Tindal's testimony, therefore, did not constitute an employee grievance motivated merely "by her ... rational self-interest in improving the conditions of her employment." *Morgan,* 6 F.3d at 755.... Instead, Tindal's testimony on behalf of her co-workers constituted speech touching upon a public concern; it thus merited First Amendment protection.

*Tindal,* 32 F.3d at 1540.

Likewise, Plaintiff's speech took place in a public forum, the grievance and termination hearings. It was on behalf of another employee and was not intended to benefit Plaintiff herself. The content of Plaintiff's speech related to "the fair and honest implementation of DLES' personnel policies and the rights to redress complaints through appeal procedures established by the DLES." (Complaint ¶ 21). As a matter of political and social importance to the community, this is a matter of public concern. *See Morgan,* 6 F.3d at 754 (11th Cir.1993). Plaintiff's speech was thus "speech touching upon a public concern," and protected by the First Amendment. *Tindal,* 32 F.3d at 1540.

## 2. Causal Connection

■ Defendants argue that Plaintiff's complaint fails to plead a causal connection between any of the individual Defendants and the actions allegedly taken against her. Defendants point out that the complaint identifies the individual Defendants as being in supervisory capacities, and that it can be inferred from that fact that Plaintiff intends to proceed under a *respondeat superior* theory of liability. The doctrine of *respondeat superior,* without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Harvey v. Harvey,* 949 F.2d 1127, 1129 (11th Cir.1992) (citing *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). "Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained." *Rivas v. Freeman,* 940 F.2d 1491, 1495 (11th Cir. 1991); *see also Zatler v. Wainwright,* 802 F.2d 397, 401 (11th Cir.1986) (per curiam).

■ Defendants' argument depends on one possible inference from the allegations of Plaintiff's complaint. That is not the only possible inference from Plaintiff's allegations, however, and .the Court must

draw all inferences in favor of Plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Plaintiff alleges acts of retaliation, and states that the individual defendants caused, allowed, or ratified those acts. It can be inferred from these allegations that the individual Defendants themselves caused or were responsible for the acts of retaliation against Plaintiff, and that their liability is not merely on a *respondeat superior* basis. Read in the light most favorable to Plaintiff, the complaint in this case states a claim.

**B. Application of the ADA to Individuals**

■ Defendant argues that Count I, although brought under Section 1983, is essentially a claim for disability discrimination, and must therefore be dismissed as against the individual defendants. Neither the ADA nor the Rehabilitation Act provides for claims against individuals. *See Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir.1996); *Farrell v. U.S. Dept. of Justice,* 910 F.Supp. 615, 618 (M.D.Fla. 1995). This argument misconstrues the gist of Plaintiff's claim in Count I. The complaint alleges not only that the individual Defendants discriminated against Plaintiff on the basis of her disability, but also that the discrimination Plaintiff suffered was motivated by a desire to retaliate against Plaintiff for having exercised her First Amendment rights. Plaintiff also alleges that the discrimination she faced and the hostile and abusive nature of the her work environment forced her to resign. The Court can infer from Plaintiff's complaint that, by discriminating against Plaintiff on the basis of her disability, Defendants constructively discharged Plaintiff because she exercised her First Amendment rights. While the individual Defendants may escape any liability on the basis of the discrimination itself, this does not mean that they may not be held liable on the theory that the acts were retaliation for a protected exercise of Plaintiff's First Amendment rights. To hold otherwise would defy logic. If Defendants' argument were correct, state employees would be protected from retaliation only if that retaliation did not take the form of discrimination against them on otherwise prohibited grounds.

**C. Qualified Immunity**

■ Defendant argues that Count I must be dismissed as against the individual defendants because they are entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates 'no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lassiter v. Alabama A & M Univ.,* 28 F.3d 1146, 1149 (11th Cir.1994) (en banc) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

■ In addressing Defendants' claim of qualified immunity, the Court must apply a two-step analysis. First, the individual Defendants must show they were "acting within the scope of [their] discretionary authority when the allegedly wrongful activities occurred." *Hudgins v. City of Ashburn,* 890 F.2d 396 (11th Cir. 1989). Second, the Plaintiff must show a lack of good faith on part of the individual Defendants. *Id.* at 404.

Defendants argue that the decisions not to provide Plaintiff with the items listed in her complaint were within the Defendants' discretionary authority. Again, Defendants' argument misapprehends the true basis of Plaintiff's claim in Count I, which is retaliation in the basis of an exercise of her First Amendment rights. The individual Defendants may be correct that they act within their discretionary authority in deciding whether or not to make certain accommodations to an individual with a disability. That is not the issue before the Court. The true issue is whether retaliating against a public employee for a protected exercise of her First Amendment

rights would be within their discretionary authority. Retaliation cannot be considered an act within the individual Defendants' discretionary authority, and Defendants do not argue that it should be.

In any event, even if the individual Defendants had been acting within their discretionary authority, the individual Defendants are not entitled to qualified immunity because they do not meet the second prong of the test. To defeat their claim of qualified immunity, Plaintiff must establish that the individual Defendants "violated her clearly established constitutional rights," and "that a reasonable government official would have been aware of those rights." *Tindal*, 32 F.3d at 1539. Defendants concede that "[i]t is well settled that a state employer cannot retaliate against a state employee for engaging in constitutional speech." Def. Suppl. Mot. Dis., at 5.

Defendants recognize that the crux of the qualified immunity issue is thus "whether, under the law prevailing at the time of the defendants['] alleged actions, the plaintiff engaged in constitutionally protected speech." *Id.* As was discussed above, the allegations in the complaint are sufficient for the purposes of this motion to show that Plaintiff's speech was constitutionally protected. As Defendants admit, this means that the allegations of the complaint establish that the individual Defendants violated Plaintiff's clearly established constitutional rights, and that a reasonable government official would have been aware of those rights. For those reasons, the individual Defendants' motion to dismiss on the grounds of qualified immunity will be denied.

## II. Counts II and IV

Defendant DLES argues that Count II, for violation of the ADA, and Count IV, for violation of the Rehabilitation Act, are duplicative, and that one must be dismissed. Defendant DLES relies on *Holbrook v. City of Alpharetta*, 112 F.3d 1522 (11th Cir.1997). However, Defendant DLES misinterprets the holding of *Holbrook*. In *Holbrook*, the Eleventh Circuit considered whether state and local employees who allege violations of the ADA or the Rehabilitation Act may also bring an action under Section 1983 based on the discrimination. *See id.* at 1530–31. The Eleventh Circuit held that because "both the Rehabilitation Act and the ADA provide extensive, comprehensive remedial frameworks," to allow a plaintiff to sue under Section 1983 as well as those acts for the same conduct would be "duplicative." *Id.* at 1531. Nowhere did the *Holbrook* court hold that a plaintiff may not bring an action under both the ADA and the Rehabilitation Act. Indeed, as Plaintiff points out, in that case and others, the Eleventh Circuit implicitly assumes that actions may properly be brought under both statutes. *See Holbrook; Pritchard v. Southern Company Services*, 92 F.3d 1130, 1134 (11th Cir.1996). Plaintiff will be allowed to proceed under both claims. Accordingly, it is

ORDERED that Defendants' motion to dismiss (Docket No. 3) and supplemental motion to dismiss (Docket No. 7) be DENIED.